UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| | ) No. 3:11-CV-176 |
| | ) (VARLAN/GUYTON) |
| V. | ) ) |
| AIC, INC., *et al.*, | ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 27] referring Defendants' and Relief Defendants' Motion to Transfer Venue [Doc. 14] and Defendants' and Relief Defendants' Motion for a More Definite Statement [Doc. 16] to this Court for disposition.

Now before the Court are the Defendants' and Relief Defendants' Motion to Transfer Venue [Doc. 14] and Defendants' and Relief Defendants' Motion for a More Definite Statement [Doc. 16]. The Securities and Exchange Commission ("the Commission") has responded in opposition to these motions. [Docs. 21 and 22]. The Defendants and Relief Defendants (collectively "the Defendants") have filed a final reply [Doc. 23], and the Commission has made a sur-reply, [Doc. 28]. The Court finds that the Motion to Transfer Venue and the Motion for a More Definite Statement are now ripe for adjudication, and for the reasons more fully stated below, the Court will **DENY** the motions.

## I. BACKGROUND

The Commission filed the Complaint on April 15, 2011, alleging that Defendant Nicholas D. Skaltsounis, founder and President of Defendant AIC, Inc. ("AIC"), orchestrated an offering fraud and Ponzi scheme. [Doc. 1 at ¶ 1]. The Commission alleges that the scheme "operated through the sale of millions of dollars of AIC promissory notes and stock through misleading and false representations and disclosures that masked the underlying financial hardship of AIC and its inability to pay promised returns without using new investor money." [Doc. 1 at ¶ 1].

The Commission maintains that from January 2006 through November 2009, AIC and Skaltsounis, directly and through representatives offered and sold more than 7.7 million dollars in AIC common stock, preferred stock, and promissory notes to at least 74 investors in 14 states, including the State of Tennessee. [Doc. 1 at ¶ 2]. Defendants John R. Graves and John B. Guyette were representatives, associated with Defendant Community Bankers Securities, LLC, a broker-dealer allegedly owned by AIC, and they are alleged to have offered or sold the stock and notes. [Doc. 1 at ¶ 2].

The Commission alleges that AIC promised to pay interest and dividends on these investments, ranging from 9 to 12.5 percent, despite knowing that it did not have the money to pay those returns. [Doc. 1 at ¶ 3]. The Commission maintains that AIC grew more in debt each year, and "the only significant source of money available to pay investor principal, interest, and dividends was money raised from the sale of new AIC investments." [Doc. 1 at ¶ 3]. It is alleged that, in offering and selling these investments, Defendant Skaltsounis, Defendant Guyette, and Defendant Graves, and at least one other individual misrepresented and omitted material information relating to the risk

2

associated with the investments, the rates of return on the investments, and how AIC would use the proceeds of the investments. [Doc. 1 at ¶ 5].

The Commission states that the alleged scheme collapsed in December 2009, when the Defendants' ability to solicit investments faltered. [Doc. 1 at ¶ 6]. The Commission alleges that, as a result, the majority of the AIC investors did not receive their promised returns and lost their entire principal investments. [Doc. 1 at ¶ 6].

The Commission alleges that the Defendants violated Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder. [Doc. 1 at ¶ 7]. It is the Commission's position that Defendants AIC and Community Bank Securities are liable as controlling persons under Section 20(a) of the Exchange Act and that Defendant Graves also violated Sections 206(1) and 206(2) of the Investment Advisors Act of 1940. [Doc. 1 at ¶ 7]. The Commission maintains that, as a result of the Defendants' illegal conduct, Allied Beacon Partners, Inc., Advent Securities, Inc., and CBS Advisors, LLC, received ill-gotten gains to which they have no legitimate claim. [Doc. 1 at ¶ 8].

In its Complaint, the Commission moves the Court to enter a final order: enjoining the Defendants from violating the Securities Act and the Exchange Act, ordering the Defendants to disgorge any and all ill-gotten gains together with prejudgment interest, ordering the Defendants to pay appropriate civil penalties, retaining jurisdiction over this action for purposes of enforcing any final judgment, and any further relief that the Court may deem appropriate. [Doc. 1 at 31-32].

## II. POSITIONS OF THE PARTIES

In the Motion to Transfer Venue, the Defendants move the Court to transfer this action to the United States District Court for the Eastern District of Virginia, Richmond Division, for all further proceedings and trial. [Doc. 14 at 1]. In support of this request, the Defendants argue that: the Commission engaged in "forum shopping" in selecting this venue; litigation of this action in Tennessee will bankrupt the Defendants; the Commission would not be harmed by a transfer of venue; the Defendants' necessary witnesses are citizens of Virginia; the majority of the witnesses in this action live and work in Virginia; boxes of paperwork related to this action are located in Richmond; and the Defendants will receive a more speedy trial in Virginia.

The Commission responds that each of the Relief Defendants applied for or obtained registration to sell securities in Tennessee, was registered as an investment adviser in Tennessee, or obtained a certificate to transact business in Tennessee and had an appointed registered agent in Tennessee. [Doc. 22 at 2]. The Commission maintains that if venue is proper as to any one of the Defendants, as it is here, then venue is proper as to the entire case. [Doc. 22 at 1-2]. The Commission argues that the Defendants have not met their burden of showing that the Commission's forum choice, which is entitled to substantial deference, should be disturbed.

In the Motion for a More Definite Statement, the Defendants move the Court to order the Commission to file a more definite statement of its Complaint. The Defendants argue that the Complaint [Doc. 1] is so vague and ambiguous that Defendants cannot reasonably prepare a response. The Defendants seek clarification of terms used in the Complaint, such as "investors" and "written materials." They also request that the Commission be ordered to specify its allegations of wrongdoing and clarify how the Defendants were unjustly enriched.

4

The Commission responds that the Complaint "contains thirty-two pages of detailed allegations regarding the defendants' misconduct, the role of each individual defendant, the various fraudulent investments offered or sold to investors, and the material misrepresentations and omissions made by the defendants." [Doc. 21 at 2]. The Commission argues that the Defendants can dispute these allegations through their answer and may seek additional information about the allegations through discovery. [Doc. 21 at 2].

## III. ANALYSIS

The Court will address the Motion to Transfer Venue [Doc. 14] and Motion for a More Definite Statement [Doc. 16] in turn.

### A. Motion to Transfer Venue

The Court finds that venue in the Eastern District of Tennessee is proper as to all of the Defendants, and the Court concludes that venue should not be transferred to the Eastern District of Virginia.

*1. Venue is Proper as to All of the Defendants*

Pursuant to Section 22, of the Securities Act of 1933, 15 U.S.C. § 77v,

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, . . . , of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

15 U.S.C. § 77v(a).

5

Other courts addressing this provision have explained, "Section 22 of the '33 Act, 15 U.S.C. § 77v, affords the federal securities plaintiff resolution of his claim by a federal judicial forum, with a broad choice of venue and concomittant nationwide service." Coffey v. Dean Witter Reynolds, Inc., 640 F.Supp. 874, 876 (D.Colo. 1986). In explaining the breadth of this venue, the District Court for the Western District of Virginia, noted:

> [A]lthough venue is a notion personal to each defendant, [a] court's jurisdiction over [a securities] action does not depend on whether each defendant performed an 'act or transaction' in this forum district. In a multi-defendant and multi-forum securities action where plaintiff alleges a common scheme of acts and transactions to violate the securities laws, venue once established for any of the defendants in the forum, establishes venue for all defendants wherever found; this is so even in the absence of any acts by a particular defendant within that district.

Sohns v. Dahl, 392 F. Supp. 1208, 1214 (D.C. Va. 1975).

In this case, the Court finds that at least two of the Relief Defendants transact business in the Eastern District of Tennessee. Relief Defendant CBS Advisors was registered as an investment advisor with the State of Tennessee. [Doc. 1 at ¶ 18]. Relief Defendant Allied Beacon Partners, Inc., formerly known as Waterford Investor Services, Inc., has been registered to sell securities with the State of Tennessee since 2006. [Doc. 1 at ¶ 19]. Allied Beacon obtained a certificate to transact business in Tennessee, has a registered agent in Tennessee [Doc. 22-5], and held out its Vice President of Business Development as being based in Maryville, Tennessee, [Doc. 22-2 at 3]. The Court concludes that these activities are sufficient to meet the "transacts business" standard contained in Section 22. Zorn v. Anderson, 263 F. Supp. 745, 747 (S.D.N.Y. 1966) (finding registration with the Secretary of State and having a sales office satisfied the standard).

Having found that venue is proper as to CBS Advisors and Allied Beacon, the Court also finds that venue is proper as to the remaining Defendants. See Sohns, 392 F. Supp. at 1214. Thus, the Court finds that venue in the Eastern District of Tennessee is appropriate.

*2. Venue Will Not Be Transferred to the Eastern District of Virginia*

Notwithstanding the above, the Defendants move the Court to transfer this action to the Eastern District of Virginia, Richmond Division, for all further proceedings and trial.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. "In deciding whether to transfer a case because the forum is inconvenient, the Court is to consider the following factors: (1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; and (4) the location of the events that gave rise to the dispute." DeRoyal Indus., Inc. v. Hendricks Orthotic Prosthetic Enter., Inc., 2005 WL 1804528, 5 (E.D. Tenn. July 28, 2005). In short, the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive. Id. (citing Cherokee Exp. Co. v. Chrysler Int'l Corp., 142 F.3d 432 (6th Cir.1998)).

The Court has considered each of the above factors, and the Court finds that a transfer is not appropriate.

The Court finds that the locations of witnesses do not necessitate transferring this action. While some of the Defendants may be located in Virginia, the Commission states that there are numerous victims of the alleged scheme in this venue, and the Court has the ability to subpoena those witnesses found outside this District whose testimony is required in this district, see 15 U.S.C. § 78aa(a) ("In any action or proceeding instituted by the Commission under this chapter in a United States district court for any judicial district, a subpoena issued to compel the attendance of a witness

7

or the production of documents or tangible things (or both) at a hearing or trial may be served at any place within the United States.")

The Court, further, finds that the residence of the parties does not necessitate a change of venue. The Commission represents that, while the Defendants have connections to Virginia, many of the Defendants reside in other states, like Florida and Colorado. [See Doc. 22 at 14].

The Court finds that the location of sources of evidence in this case do not necessitate a transfer. The Commission represents that the Defendants have already produced "voluminous" documents to the Commission as part of the pre-filing investigation of this case. [Doc. 22 at 14]. Any relevant documents may be brought to this District for trial, either physically or electronically, without expending substantial time and resources.

Finally, the Court finds that events giving rise to this dispute occurred in the Eastern District of Tennessee. The Commission alleges that "[t]ransactions constituting violations of the federal securities laws . . . occurred within this judicial district." [Doc. 1 at ¶ 11]. Specifically, the Commission maintains:

> [A] significant number of AIC investors are and were residents of this judicial district, Defendant Skaltsounis and Broker A [Carol LaRue] met with investors and prospective investors in this judicial district, fraudulent written materials relating to the AIC Investments were sent to investors in this judicial district, oral misrepresentations were directed to investors in this judicial district, and Defendant CB Securities had an office in this judicial district (in Maryville, Tennessee) from which AIC Investments were fraudulently offered and sold.

[Doc. 1 at ¶ 11].

Thus, after considering the facts of this case, the parties' positions, and the applicable factors, the Court finds that the Defendants' request for a transfer of venue, pursuant to 28 U.S.C. § 1404 is not well-taken. Moreover, the Court finds no support for the Defendants' assertion that they "may

8

Case 3:11-cv-00176 Document 30 Filed 09/07/11 Page 8 of 10 PageID #: 385

be prejudiced in Tennessee," or that this case will languish on this Court's docket. The parties will receive a fair and timely disposition of this case.

Finally, the Court finds that the Defendants' contention that this dispute is governed by a forum selection clause is not well-taken. The statement that investors "have the right to initiate a suit . . . in either the Circuit Court of the City of Richmond or County of Henrico, Virginia[,]" and its accompanying remarks, [Doc. 23-2 at 2], do not affect the jurisdiction and venue conferred upon this Court by the applicable federal securities laws.

Accordingly, the Defendants' and Relief Defendants' Motion to Transfer Venue **[Doc. 14]** will be **DENIED**.

### B. Motion for a More Definite Statement

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

In support of their Motion for a More Definite Statement, the Defendants argue that the Commission has presented a Complaint [Doc. 1] that is so vague and ambiguous that the Defendants cannot properly respond. The Defendants maintain that the Commission has, *inter alia*, failed to: identify investors who were allegedly defrauded, properly explain terms like "disclosure documentation" and "written materials," specify the allegedly unlawful statements made by the Defendants, and detail the other alleged wrongdoing.

The Court has considered the Defendants' allegations of deficiency and has reviewed the Complaint, and the Court finds that the Motion for a More Definite Statement is not well-taken. The

9

Complaint is not so vague or ambiguous that the Defendants cannot reasonably respond. Accordingly, the Motion for a More Definite Statement **[Doc. 16]** will be **DENIED**.

IV. **CONCLUSION**

Based upon the foregoing, the Court finds that the Defendants' and Relief Defendants' Motion to Transfer Venue **[Doc. 14]** and Defendants' and Relief Defendants' Motion for a More Definite Statement **[Doc. 16]** are not well-taken, and they are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

\_\_/s H. Bruce Guyton_____
United States Magistrate Judge