IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:11cv00176 |
| AIC, INC. et al., | ) | **TRIAL BY JURY IS DEMANDED** |
| Defendants. | ) | |
| and | ) | |
| ALLIED BEACON PARTNERS, INC., et al., | ) | |
| Relief Defendants. | ) | |

---

## ANSWER AND AFFIRMATIVE DEFENSE
## AND RENEWED OBJECTION TO VENUE

---

Defendants, AIC, Inc. ("AIC"), Community Bankers Securities, LLC ("CBS"), and Nicholas D. Skaltsounis ("Skaltsounis") (AIC, CBS and Skaltsounis are collectively referred to as the "Defendants"), and Relief Defendants, Allied Beacon Partners, Inc. (f/k/a Waterford Investors Services, Inc.), Advent Securities, Inc., and CBS Advisors, LLC (collectively referred to as the "Relief Defendants"), by counsel, pursuant to Rules 7(a), 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, renew and preserve their Objection to Venue on the grounds stated in their joint Motion to Transfer Venue [*Docket No. 14*] and hereby Answer the complaint filed by plaintiff, Securities and

Exchange Commission ("Plaintiff" or "SEC"), and state the following as Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE and MOTION TO DISMISS

Plaintiff's first claim for relief fails to state a claim upon which relief can be granted. The AIC investments are exempt from registration pursuant to § 4 of the Securities Act and Regulation D promulgated by the SEC. Further, Plaintiff fails to identify any "investor" to whom AIC offered or sold an unregistered security.

## SECOND AFFIRMATIVE DEFENSE and MOTION TO DISMISS

Plaintiff's second claim for relief fails to state a claim upon which relief can be granted. Plaintiff fails to identify the "purchaser" of any AIC Investment upon whom Defendants allegedly practiced "fraud" or "deceit" in violation of § 17(a) of the Securities Act. Plaintiff fails to allege the time, place, and circumstances of the "fraud" with any particularity, or the receipt of any money or property by Skaltsounis individually. The complaint is riddled with the SEC's value judgments about what is "meaningful", mischaracterizations of written documents that are not attached to the complaint, and mere legal conclusions. The complaint fails to allege how or why the generalized statements were material to any of the unknown "investors", some of whom being gratuitously labeled "unsophisticated and elderly". The complaint also fails to allege scienter and/or how Defendants "knowingly or recklessly" defrauded any of the unknown "investors".

## THIRD AFFIRMATIVE DEFENSE and MOTION TO DISMISS

Plaintiff's third claim for relief fails to state a claim upon which relief can be granted. Plaintiff fails to identify the "purchaser" of any AIC Investment upon whom

Defendants allegedly practiced "fraud" or "deceit" in violation of § 10(b) of the Exchange Act and Rule 10b-5. Plaintiff fails to allege that CBS and Skaltsounis were the makers of any untrue statement. Plaintiff fails to allege the time, place, and circumstances of the "fraud" with any particularity. The complaint is riddled with the SEC's value judgments about what is "meaningful", mischaracterizations of written documents that are not attached to the complaint, and mere legal conclusions. The complaint fails to allege how or why the statements made by AIC were material to any of the unknown "investors". The complaint fails to allege scienter and/or how Defendants "knowingly or recklessly" defrauded any of the unknown "investors". Finally, the complaint fails to allege how any misrepresentation or omission proximately caused any alleged loss.

### FOURTH AFFIRMATIVE DEFENSE and MOTION TO DISMISS

Plaintiff's fifth claim for relief fails to state a claim upon which relief can be granted. In addition to the fact that Plaintiff fails to allege a single primary securities law violation, AIC and CBS cannot be both the primary securities law violators and the control persons.

### FIFTH AFFIRMATIVE DEFENSE and MOTION TO DISMISS

Plaintiff's sixth claim for relief fails to state a claim upon which relief can be granted. Plaintiff fails to allege any facts to support its claim that the Relief Defendants received any "ill-gotten" gains. Further, the facts alleged affirmatively demonstrate that the Relief Defendants have a legitimate claim to the funds.

Federal courts have jurisdiction over and "may order equitable relief against" a relief defendant in a securities enforcement action if he/it: "(1) has received ill-gotten

funds; and (2) does not have a legitimate claim to those funds." *SEC v. Cavanaugh*, 155 F.3d 129, 136 (2nd Cir. 1998); (citation omitted); *see also SEC v. Cherif*, 933 F.2d 403, 414 fn 11 (7th Cir. 1991) ("A court can obtain equitable relief from a non-party against whom no wrongdoing is alleged if it is established that the non-party possesses illegally obtained profits but has no legitimate claim to them."). A person who *has* a legitimate claim to the funds, whether through a *bona fide* ownership interest or having provided legitimate services, is not a proper relief defendant. *CFTC v. Walsh*, 618 F.3d 218, 226 (2nd Cir. 2010) ("relief defendants who have provided some form of valuable consideration in good faith in return for proceeds of fraud are beyond the reach of the district court's disgorgement remedy."); *Janvey v. Adams*, 588 F.2d at 834 (investor defendants, who had purchased CDs from Stanford Bank pursuant to written certificate of deposit agreements, had an ownership interest in the CD proceeds); *Kimberlynn Creek*, 276 F.3d at 192 ('"[R]eceipt of funds as payment for services rendered to an employer constitutes one type of ownership interest and would preclude proceeding against the holder of the funds as a nominal defendant."); *FTC v. Bronson Partners, LLC*, 674 F.Supp.2d 373, 392 (D. Conn. 2009) ("A relief defendant can show a legitimate claim to the funds by showing that some services were performed in consideration for the monies.") (citations omitted).

In its complaint, the SEC alleges virtually nothing about the Relief Defendants' businesses and operations. The Complaint reveals that the Relief Defendants are duly "registered broker-dealers and a state-registered investment advisor", *Complaint, ¶ 1*, owned, in part, by AIC. *Id., ¶¶ 8, 13, 18, 19*. Waterford (now ABP) has been registered as a broker-dealer with the SEC since "1999". It is also a registered investment adviser

in Florida. *Id., ¶ 19.* Advent was registered with the SEC from 2004 through January 2011, when it withdrew its registration. *Id., ¶ 20.* CBS Advisors had "approximately $14 million in assets under management." *Id., ¶ 18.* The SEC acknowledges that the Relief Defendants had "employees" and "registered representatives", *Id., ¶ 22,* and earned revenue from their operations between 1999 and 2009. The SEC alleges that the Relief Defendants "did not earn sufficient revenue to meet expenses" during the "relevant period", and were in need of capital to fund their "operations". *Id., ¶¶ 23-24.* According to the SEC, approximately "$3,629,282 was used" between January 2006 and November 2009 "to keep the subsidiary broker-dealers solvent and to allow them to meet 'net capital' requirements" under SEC Rule 15c3-1. *Id., ¶ 32 fn 1.*

The Complaint, on its face, shows that the alleged "ill-gotten gains" were paid to the Relief Defendants for services actually rendered in the ordinary course of the brokers' legitimate businesses, and used in connection with those legitimate businesses. The SEC fails to allege that the Relief Defendants are still holding any of the funds. Count Six should be dismissed without more.[1]

---

[1]     The SEC concedes that Skaltsounis "told investors" that the proceeds of the AIC Investments "would be used to grow and expand AIC's business." *Complaint, ¶ 69.* In fact, during the "relevant period", the proceeds *were* used to expand AIC's business, by, *inter alia,* acquiring an additional broker-dealer (Advent), opening new office locations and expanding the businesses of the subsidiary broker-dealers "across the country", *Complaint, ¶ 14,* etc. Defendants and Relief Defendants paid substantial legal fees, costs, and ongoing operating expenses to pursue AIC's business goal of selling one or more of its broker-dealers for a substantial profit. Significantly, the SEC has not pursued AIC's legal counsel, Troutman Sanders, as a "relief defendant", which demonstrates that the costs and expenses incurred by AIC over the "relevant period" to expand its business were legitimate.

## SIXTH AFFIRMATIVE DEFENSE

The issuance of debt securities to pay off matured and/or maturing debt and/or to funds dividends is neither illegal, nor a "Ponzi" scheme.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by the advice of counsel defense. In issuing the promissory notes and selling stock, Defendants relied exclusively upon legal advice from Thomas A. Grant, Esquire, and the law firm, Troutman Sanders LLP, who prepared all the Form Ds, all the promissory notes, all the subscriptions agreements, the rollover letters, and who reviewed and approved all other offerings materials used in connection with the securities offerings.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants did not make any untrue statements of any material facts or omit any material facts that rendered the statements made misleading.

## NINTH AFFIRMATIVE DEFENSE

Defendants had no motive to lie to any investor and did not act with scienter or any intent to mislead anyone. Defendants acted at all times in good faith, and with true and honest beliefs in AIC's business model and the ultimate future success of that business model.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not cause any loss claimed by any investor. Rather, the losses were caused by Plaintiff's misconduct and its defamation of AIC, CBS, and Skaltsounis, and by the negligence and omissions of AIC's former legal counsel, Troutman Sanders.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrines of waiver, estoppel, ratification, assumption of the risk, and negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damage caused by any act of any Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by the Deadman's Statute.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

Defendants and Relief Defendants reserve the right to raise any additional affirmative defenses that are shown by the evidence developed in discovery in this action.

## ANSWER

Responding to each numbered paragraph of Plaintiff's complaint, Defendants and Relief Defendants state as follows:

1.      The allegations in paragraph 1 are denied.  There was no offering fraud. There was no Ponzi scheme or any scheme.

2.      In response to the allegations in paragraph 2, Defendants and Relief Defendants admit that AIC offered and sold common and preferred stock and promissory notes (collectively referred to as the "AIC Investments") to investors in different States, including Tennessee.  Defendants and Relief Defendants further admit that Guyette and Graves were associated with CBS.  Defendants and Relief Defendants admit that AIC was one of the members of CBS.  All remaining allegations are denied.

3.      In response to the allegations in paragraph 3, Defendants and Relief Defendants admit that AIC, in accordance with the terms and conditions of the offering materials and Virginia law, promised to pay principal, interest and dividends. Defendants and Relief Defendants admit that AIC and its subsidiaries were not "profitable" on a GAAP basis (although Allied did have some profitable months) during and prior to the Relevant Period because they were employing capital to grow their businesses. Defendants and Relief Defendants admit that AIC, CBS, Allied, Advent, and CBS Advisors earned revenue as reflected on the audited and unaudited financial statements. Defendants and Relief Defendants admit that AIC incurred debt each year as its businesses grew. All remaining allegations are denied.

4.      The allegations in paragraph 4 are denied.

5.      The allegations in paragraph 5 are denied.

6.      The allegations in paragraph 6 are denied. AIC stopped selling debt securities and equity upon advice of counsel, after the SEC seized AIC's books and records and defamed AIC to investors, registered representatives, and others.

7.      The allegations in paragraph 7 are denied.

8.      The allegations in paragraph 8 are denied. In truth, the "gains" received by the Relief Defendants from AIC were capital contributions by AIC to its operating subsidiaries, properly booked and accounted for each month and year on the financial statements of AIC and the audited financial statements and Focus Reports of the Relief Defendants. Every penny of the capital contributions by AIC were delivered to and used by the Relief Defendants for legitimate corporate and business purposes.

9.      The allegations in paragraph 9 are denied.

10.     The allegations in paragraph 10 are denied.

11.     The allegations in paragraph 11 are denied, except that Skaltsounis admits that he traveled to Tennessee on several occasions between 2006 and Broker A's death in August 2010 in connection with the business of CBS. Skaltsounis did not meet with "investors and prospective investors" or solicit AIC Investments. Although CBS had an office in Maryville (Broker A's was an independent contractor and managing associate of CBS), AIC Investments were not fraudulently offered or sold by CBS or through any CBS office.

12.     The allegations in paragraph 12 are denied.

13.     The allegations in paragraph 13 are admitted.

14.     In response to the allegations in paragraph 14, Defendants and Relief Defendants admit that CBS was organized as a Virginia limited liability company on February 14, 2003 by Thomas A Grant, Esquire, of the law firm, Troutman Sanders LLP; that CBS was a broker-dealer registered with the SEC and FINRA, and that it filed a BDW on December 23, 2009; that CBS employed independent associates and dual employees, who had branch office locations in many different States, including Tennessee; that CBS supervised and employed the CBS Brokers; that AIC owns an 88% membership interest in CBS; that CBS had approximately 7,000 customer accounts as of December 23, 2009; and that CBS was approved by the SBA as a pooler of SBA loans and other guaranteed loans. All remaining allegations are denied.

15.     The allegations in paragraph 15 are admitted.

16.     The allegations in paragraph 16 are admitted.

17. In response to the allegations in paragraph 17, Defendants and Relief Defendants admit that Graves was employed by CBS; that he had the title Vice President of Business Development for AIC; that he holds the securities licenses alleged; and that he was an officer and/or employee of Compass and Brook Point Management. Defendants and Relief Defendants do not know if the remaining allegations are true or false, and, accordingly, deny the same and demand proof.

18. The allegations in paragraph 18 are admitted.

19. The allegations in paragraph 19 are admitted.

20. Defendants and Relief Defendants admit the allegations in paragraph 20, except to state that Advent is a Texas corporation, which was domesticated in Virginia in 2007, and that Advent has had customer accounts and has conducted business.

21. The allegations in paragraph 21 are admitted.

I. Defendants and Relief Defendants deny the allegation and/or statement made by Plaintiff directly following the heading "FACTS". These are not "FACTS". These are opinions, which are, in any case, false.

22. The allegations in paragraph 22 are admitted in part and denied in part as follows: Defendants and Relief Defendants acted by and through their duly appointed officers and directors in accordance with corporate formality and Virginia law, and upon the advice of counsel, Troutman Sanders. CBS' registered representatives had contracts and were independently required to abide by the rules of conduct promulgated by FINRA and federal securities law. AIC and CBS did not authorize or ratify any unlawful acts, misrepresentation or omissions by any AIC employee or CBS registered representative or employee. Defendants and Relief Defendants admit that Skaltsounis, Guyette, Graves

and Broker A were acting within the scope of their respective employments. In the event that Guyette, Graves and/or Broker A exceeded the scope of their authority and/or violated the law, AIC and CBS deny any and all liability for their actions or omissions. All remaining allegations are denied.

23. In response to the allegations in paragraph 23, Defendants and Relief Defendants admit that with some exceptions AIC and its subsidiaries were not "profitable" on a GAAP basis during and prior to the Relevant Period because AIC was employing capital to grow its business pursuant to its business model disclosed to investors. Defendants and Relief Defendants admit that AIC, CBS, Allied, Advent, and CBS Advisors earned revenue as reflected on the audited and unaudited financial statements. Defendants and Relief Defendants admit that AIC incurred debt each year as its businesses grew. All remaining allegations are denied.

24. In response to the allegations in paragraph 24, Defendants and Relief Defendants admit that AIC and its subsidiaries were in need of additional capital from time to time as AIC pursued its business model. All remaining allegations are denied.

25. The allegations in paragraph 25 are admitted, except that the board meetings were attended by numerous other persons in addition to Skaltsounis and Broker A, including Thomas A. Grant, Esquire, Douglas Mussler, Paula A. Collier, and others.

26. In response to the allegations in paragraph 26, Defendants and Relief Defendants admit that AIC issued and offered promissory notes and stock to investors. All remaining allegations are denied.

27.     In response to the allegations in paragraph 27, Defendants and Relief Defendants admit that AIC sold the AIC Investments, and that AIC compensated those persons who sold AIC Investments. All remaining allegations are denied.

28.     The allegations in paragraph 28 are denied.

29.     In response to the allegations in paragraph 29, Defendants and Relief Defendants admit that AIC raised funds through the issuance of debt securities and stock, and that some of AIC's investors also had accounts with CBS. All remaining allegations are denied.

30.     The allegations in paragraph 30 are denied.

31.     The allegations in paragraph 31 are denied.

32.     The allegations in paragraph 32 are denied, except that AIC admits that the proceeds of its capital raises were used for general corporate purposes, including payment of legitimate operating expenses of AIC, CBS and the Relief Defendants.

33.     In response to the allegations in paragraph 33, Defendants and Relief Defendants admit, in accordance with legal advice received from Troutman Sanders and Grant, AIC raised funds through the sale of promissory notes to accredited investors and to persons who demonstrated to AIC that they had knowledge and experience in financial and business matters such that they were capable of evaluating the merits and risks of the prospective investment. AIC reasonably and in god faith believed that all investors were accredited or that the nature of the investor was such that the transaction was exempt fro registration. The terms and conditions of the promissory notes, prepared by Troutman and Grant, speak for themselves. All remaining allegations are denied.

34.     The allegations in paragraph 34 are admitted.

35.     The allegations in paragraph 35 are denied.

36.     The allegations in paragraph 36 are denied, except that AIC admits that investors were offered the option to renew or liquidate their investments pursuant to letters prepared by legal counsel.

37.     The allegations in paragraph 37 are denied, except that AIC admits that no new information was provided to investors than had already been provided or that was requested or that was available.

38.     The allegations in paragraph 38 are denied.

39.     The allegations in paragraph 39 are denied.

40.     The allegations in paragraph 40 are denied.  The letters are signed by Skaltsounis as President of AIC.

41.     The allegations in paragraph 41 are admitted.

42.     In response to the allegations in paragraph 42, Defendants and Relief Defendants admit that AIC raised funds through the sale to stock.  All remaining allegations are denied.

43.     In response to the allegations in paragraph 43, Defendants and Relief Defendants admit that AIC's preferred stock paid dividends and was convertible into common stock, and that the common stock did not pay a dividend.  All remaining allegations are denied.

44.     The allegations in paragraph 44 are admitted.

45.     In response to the allegations in paragraph 45, Defendants and Relief Defendants state that the terms and conditions of the subscription agreements speak for

13

themselves. Defendants and Relief Defendants reject, object to, and deny the Plaintiff's characterization of the subscription agreements. All remaining allegations are denied.

46. The allegations in paragraph 46 are denied.

III. Defendants and Relief Defendants deny the allegation and/or statement made by Plaintiff directly following paragraph 46. These are not facts. These are legal opinions, to which no response is required. To the extent that any response is required, the allegations are denied.

47. The allegations in paragraph 47 are denied. Whether the AIC Investments are securities within the meaning of the federal statutes cited is a question of law. AIC relied upon the advice of its legal counsel in all matters relating to compliance with federal securities laws. Grant advised AIC's board of directors that the subscription agreements and other offering materials prepared by Troutman Sanders were sufficient to comply with federal securities laws.

IV. Defendants and Relief Defendants deny the allegation and/or statement made by Plaintiff directly following paragraph 47. These are not facts. These are legal opinions, to which no response is required. To the extent that any response is required, the allegations are denied.

48. The allegations in paragraph 48 are denied.

49. The allegations in paragraph 49 are denied. Whether the offerings are "subject to integration" or not is a question of law. AIC relied upon the advice of its legal counsel in all matters relating to compliance with federal securities laws. Grant and Troutman prepared and filed the Form Ds with the SEC during the Relevant Period on

June 13, 2006, November 19, 2007, and October 13, 2009. Grant and Troutman affirmatively represented to AIC that the Form Ds complied with federal securities laws.

V.     Defendants and Relief Defendants deny the allegation and/or statement made by Plaintiff directly following paragraph 49. These are not facts. These are legal opinions, to which no response is required. To the extent that any response is required, the allegations are denied.

50.     In response to the allegations in paragraph 50, Defendants and Relief Defendants admit that AIC gave copies of the Executive Summaries to investors in connection with the offer and sale of AIC Investments. All remaining allegations are denied.

51.     The allegations in paragraph 51 are denied.

52.     The allegations in paragraph 52 are denied.

VI.     Defendants and Relief Defendants deny the allegation and/or statement made by Plaintiff directly following paragraph 52. These are not facts. These are legal opinions, to which no response is required. To the extent that any response is required, the allegations are denied.

53.     In response to the allegations in paragraph 53, Defendants and Relief Defendants admit that Skaltsounis spoke with investors on the phone and in person, answered questions, provided information, etc. Because the Plaintiff fails to identify the "customers" or "investors" Defendants and Relief Defendants cannot respond further. All remaining allegations are denied.

54.     The allegations in paragraph 54 are denied.

55.     The allegations in paragraph 55 are denied.

VII.    Defendants and Relief Defendants deny the allegation and/or statement made by Plaintiff directly following paragraph 55. These are not facts. These are legal opinions, to which no response is required. To the extent that any response is required, the allegations are denied.

56.    The allegations in paragraph 56 are denied.

57.    The allegations in paragraph 57 are denied.

58.    The allegations in paragraph 58 are denied.

59.    The allegations in paragraph 59 are denied.

60.    The allegations in paragraph 60 are denied.

61.    The allegations in paragraph 61 are admitted in part and denied in part. Defendants and Relief Defendants admit that Skaltsounis communicated with investors by phone and at AIC's annual shareholder meetings. All remaining allegations are denied.

62.    The allegations in paragraph 62 are denied.

63.    The allegations in paragraph 63 are denied.

64.    The allegations in paragraph 64 are denied.

65.    The allegations in paragraph 65 are denied, except that AIC admits that it issued the letters and that the letters do not contain a single misrepresentation of fact. All remaining allegations are denied.

66.    The allegations in paragraph 66 are denied. Ms. Lewis, who is not identified in the complaint, has, upon information and belief, entered into a deal to provide testimony for the SEC in return for a release from liability or covenant not to sue. Ms. Lewis is a broker and sophisticated investor who made her own investment decisions

with regard to her AIC Investments and communicated her own recommendations to "her customers".

67.     The allegations in paragraph 67 are denied.

68.     The allegations in paragraph 68 are denied.

69.     The allegations in paragraph 69 are denied.

70.     The allegations in paragraph 70 are admitted in part and denied in part. Defendants and Relief Defendants admit that part of the proceeds of AIC's "Big Bang" offering in 2009 were going to be used to acquire another broker-dealer. This is a true statement of fact. The broker-dealer was not purchased because the deal ultimately fell through, in spite of AIC's efforts.

71.     The allegations in paragraph 71 are denied.

72.     The allegations in paragraph 72 are admitted.

73.     The allegations in paragraph 73 are denied.

74.     The allegations in paragraph 74 are denied.

75.     The allegations in paragraph 75 are admitted.

76.     The allegations in paragraph 76 are denied.

77.     The allegations in paragraph 77 are admitted.

78.     In response to the allegations in paragraph 78, Defendants and Relief Defendants admit that AIC sold stock and notes to persons who were also brokerage customers of CBS and John Guyette. The remaining allegations are not known to Defendants and Relief Defendants, and, accordingly, are denied.

79.     The allegations in paragraph 79 are admitted.

80.     The allegations in paragraph 80 are denied.

81.    The allegations in paragraph 81 are denied.

82.    The allegations in paragraph 82 are denied.

83.    The allegations in paragraph 83 are denied.

84.    The allegations in paragraph 84 are denied.

85.    The allegations in paragraph 85 are denied.

86.    In response to the allegations in paragraph 86, Defendants admit that Graves was employed as a broker by CBS; that he had the title Vice President of Business Development for AIC; and that he was an officer of Compass. Any and all remaining allegations are denied.

87.    Defendants and Relief Defendants do not know if the allegations in paragraph 87 are true or false, and, accordingly, deny the same and demand proof.

88.    In response to the allegations in paragraph 88, Defendants and Relief Defendants admit that Skaltsounis and Graves met in or around June 2009; and that AIC entered into a letter of intent to purchase the Class A Units of Fintegra Holdings, LLC for the price of $1,105,000. All remaining allegations are denied.

89.    The allegations in paragraph 89 are denied, except that AIC agreed to pay Graves a fee on the sale off AIC Investments and, independently, Graves was to receive a salary as a broker employed by CBS. All remaining allegations are denied.

90.    In response to the allegations in paragraph 90, Defendants and Relief Defendants admit that Graves offered and AIC sold AIC Investments to persons, including Maria Costa, who were either employed by or were also customers of CBS. Defendants and Relief Defendants were not present and do not know how Graves

solicited the Investments, or what Graves said, so any remaining allegations in paragraph 90 are denied.

91. The allegations in paragraph 91 are denied.

92. The allegations in paragraph 92 are denied.

93. The allegations in paragraph 93 are denied.

94. The allegations in paragraph 94 are denied.

95. The allegations in paragraph 95 are denied.

96. The allegations in paragraph 96 are denied.

97. In response to the allegations in paragraph 97, Defendants and Relief Defendants restate and incorporate herein by reference their Affirmative Defenses and their answers to the allegations in paragraphs 1 - 96 above.

98. The allegations in paragraph 98 are denied.

99. The allegations in paragraph 99 are denied.

100. The allegations in paragraph 100 are denied.

101. In response to the allegations in paragraph 101, Defendants and Relief Defendants restate and incorporate herein by reference their Affirmative Defenses and their answers to the allegations in paragraphs 1 - 100 above.

102. The allegations in paragraph 102 are denied.

103. The allegations in paragraph 103 are denied.

104. In response to the allegations in paragraph 104, Defendants and Relief Defendants restate and incorporate herein by reference their Affirmative Defenses and their answers to the allegations in paragraphs 1 -103 above.

105. The allegations in paragraph 105 are denied.

106. The allegations in paragraph 106 are denied.

107. In response to the allegations in paragraph 107, Defendants and Relief Defendants restate and incorporate herein by reference their Affirmative Defenses and their answers to the allegations in paragraphs 1 -106 above.

108. The allegations in paragraph 108 are denied.

109. The allegations in paragraph 109 are denied.

110. In response to the allegations in paragraph 110, Defendants and Relief Defendants restate and incorporate herein by reference their Affirmative Defenses and their answers to the allegations in paragraphs 1 - 109 above.

111. The allegations in paragraph 111 are denied.

112. The allegations in paragraph 112 are denied.

113. The allegations in paragraph 113 are denied.

114. The allegations in paragraph 114 are denied.

115. In response to the allegations in paragraph 115, Defendants and Relief Defendants restate and incorporate herein by reference their Affirmative Defenses and their answers to the allegations in paragraphs 1 – 114 above.

116. The allegations in paragraph 116 are denied.

117. The allegations in paragraph 117 are denied.

Any and all allegations not expressly admitted are denied. Defendants and Relief Defendants deny any and all liability to Plaintiff, and move the Court to dismiss the complaint with prejudice and to award Defendants and Relief Defendants their attorneys' fees and costs incurred.

Defendants and Relief Defendants reserve the right to raise any additional affirmative defenses revealed in and by any discovery taken in this action.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Defendants and Relief Defendants respectfully request the Court to dismiss the Plaintiff's complaint with prejudice, and to award costs and attorney's fees incurred.

**TRIAL BY JURY IS DEMANDED**

DATED:      September 28, 2011

Signature of Counsel on Next Page

AIC, INC.
COMMUNITY BANKERS SECURITIES, LLC
NICHOLAS D. SKALTSOUNSIS
ALLIED BEACON PARTNERS, INC.
    (f/k/a Waterford Investor Services, Inc.)
ADVENT SECURITIES, INC.
CBS ADVISORS, LLC


    */s/ Garrett P. Swartwood*
By:_____

    Garrett P. Swartwood (BPR # 21803)
    LONG, RAGSDALE & WATERS, P.C.
    1111 Northshore Drive, S-700
    Knoxville, Tennessee 37919
    Telephone:   (865) 584-4040
    Facsimile:   (865) 584-6084
    Email:      **gswartwood@lrwlaw.com**

    *Counsel for Defendants and Relief Defendants*

    Steven S. Biss (VSB # 32972)
    300 West Main Street, Suite 102
    Charlottesville, Virginia 22903
    Telephone:   (804) 501-8272
    Facsimile:   (202) 318-4098
    Email:      **stevenbiss@earthlink.net**

    Elliott P. Park (VSB # 39163)
    PARK AND COMPANY, P.C.
    1011 East Main Street
    Suite 300
    Richmond, Virginia 23219
    Telephone:   (804) 648-7565
    Facsimile:   (804) 648-7567
    Email:      **epp@parkandcompany.com**


    *Co-Counsel for Defendants and Relief Defendants*
        *(Application for Admission Pro Hac Vice*
        *to be Filed)*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2011, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the plaintiff, Michael J. Rinaldi, Esquire, Securities and Exchange Commission, Philadelphia Regional Office, 701 Market Street, Suite 2000, Philadelphia, Pa 19106, RinaldiM@sec.gov.

*/s/Garrett P. Swartwood*

By:_____

Garrett P. Swartwood (BPR # 21803)
LONG, RAGSDALE & WATERS, P.C.
1111 Northshore Drive, S-700
Knoxville, Tennessee 37919
Telephone:     (865) 584-4040
Facsimile:      (865) 584-6084
Email:           **gswartwood@lrwlaw.com**

*Counsel for Defendants and Relief Defendants*