IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : No. 3:11-cv-00176 |
| AIC, INC. et al., | : |
| Defendants, | : |
| and | : |
| ALLIED BEACON PARTNERS, INC. (f/k/a Waterford Investor Services, Inc.) et al., | : |
| Relief Defendants. | : |

**JOINT MOTION OF PLAINTIFF SECURITIES AND
EXCHANGE COMMISSION AND THE AIC DEFENDANTS
FOR THE ENTRY OF A STIPULATED ORDER REGARDING THE
WITHDRAWAL OF THE AIC DEFENDANTS' MOTION TO DISMISS
AND RESOLVING THE PLAINTIFF'S CROSS-MOTION TO STRIKE**

Plaintiff Securities and Exchange Commission (the "Commission") and defendants AIC, Inc., Community Bankers Securities, LLC, and Nicholas D. Skaltsounis and relief defendants Allied Beacon Partners, Inc. (f/k/a Waterford Investor Services, Inc.), Advent Securities, Inc., and CBS Advisors, LLC (collectively, the "AIC Defendants"), by and through their respective undersigned counsel, hereby jointly move the Court as follows:

1. The Commission filed this action on April 15, 2011. (Doc. No. 1.)

2. On June 15, 2011, the AIC Defendants filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Doc. No. 16) and a motion to

transfer venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a) (Doc. No. 14). These motions were denied on September 7, 2011. (Doc. No. 30.)

3. On September 28, 2011, the AIC Defendants filed their "Answer and Affirmative Defense and Renewed Objection to Venue" (the "Answer" or the "AIC Defendants' Answer"). (Doc. No. 31.) Although the AIC Defendants, in their First through Fifth Affirmative Defenses of their Answer use the words "MOTION TO DISMISS," the AIC Defendants have clarified that it was not their intention to file a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). The AIC Defendants have represented that it was not their intent to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); rather, it was their intent to state and preserve the defense of failure to state a claim upon which relief can be granted and to preserve the right to argue that the Commission failed to state a claim upon which relief can be granted at a future stage in this proceeding or at trial. The AIC Defendants stipulate and agree to withdraw any motion to dismiss pursuant to Rule 12(b)(6).

4. The AIC Defendants' Answer was filed out of time.

5. On October 17, 2011, the Commission filed a cross-motion to strike certain of the affirmative defenses set forth in the AIC Defendants' Answer. (Doc. No. 33.) The Commission also properly responded to the AIC Defendants' Answer to the extent that it stated a Rule 12(b)(6) motion to dismiss. (Doc. No. 34.)

6. The AIC Defendants wish to withdraw the references in their First through Fifth Affirmative Defenses to "MOTION TO DISMISS," and the parties wish to resolve the Commission's cross-motion to strike by agreeing that certain of the AIC Defendants' affirmative defenses should be stricken. Specifically, the AIC Defendants and the Commission have agreed to a proposed stipulated order providing that:

a.  The motion to dismiss contained within the AIC Defendants' Answer is deemed withdrawn by the AIC Defendants.

b.  The Commission's cross-motion to strike is granted in part and denied in part.

c.  With respect to the AIC Defendants' Answer:

   i.  from the First Affirmative Defense and Motion to Dismiss, the third sentence, as well as the words "and MOTION TO DISMISS" from the heading of the First Affirmative Defense and Motion to Dismiss, are stricken;

   ii.  from the Second Affirmative Defense and Motion to Dismiss, the second through sixth sentences, inclusive, as well as the words "and MOTION TO DISMISS" from the heading of the Second Affirmative Defense and Motion to Dismiss, are stricken;

   iii.  from the Third Affirmative Defense and Motion to Dismiss, the second through eighth sentences, inclusive, as well as the words "and MOTION TO DISMISS" from the heading of the Third Affirmative Defense and Motion to Dismiss, are stricken;

   iv.  from the Fourth Affirmative Defense and Motion to Dismiss, the words "and MOTION TO DISMISS" from the heading of the Fourth Affirmative Defense and Motion to Dismiss, are stricken;

   v.  from the Fifth Affirmative Defense and Motion to Dismiss, the second sentence of the first paragraph, the second through fourth paragraphs, inclusive, and footnote 1 on page 5, as well as the

3

words "and MOTION TO DISMISS" from the heading of the Fifth Affirmative Defense and Motion to Dismiss, are stricken;

 vi. the Eighth Affirmative Defense is stricken in its entirety;

 vii. from the Ninth Affirmative Defense, the first sentence is stricken;

 viii. the Tenth Affirmative Defense is stricken in its entirety;

 ix. from the Eleventh Affirmative Defense, the words "ratification, assumption of the risk, and negligence" are stricken;

 x. the Twelfth Affirmative Defense is stricken in its entirety; and

 xi. the Thirteenth Affirmative Defense is stricken in its entirety;

d. The AIC Defendants' Answer shall be deemed timely filed.

e. By agreeing to the entry of the stipulated order, the AIC Defendants do not waive their defenses that the Commission's first, second, third, fifth, and sixth claims for relief fail to state a claim upon which relief can be granted, and the AIC Defendants retain the ability to argue that the Commission's first, second, third, fifth, and sixth claims for relief fail to state a claim upon which relief can be granted to the extent provided by the Federal Rules of Civil Procedure or other applicable law. By agreeing to the entry of the stipulated order, the AIC Defendants also do not waive their right under Federal Rule of Civil Procedure 56 to file a motion for summary judgment or to file motions under Rules 50, 59, or 60, if appropriate.

f. By agreeing to the entry of the stipulated order, the Commission does not concede that any part of its cross-motion to strike was without basis or

4

Case 3:11-cv-00176-TAV-HBG Document 39 Filed 11/10/11 Page 4 of 7 PageID #: 515

brought in bad faith or that any of the AIC Defendants' affirmative defenses has any factual or legal basis. The Commission retains, <u>inter alia</u>, the right to challenge the factual or legal basis for any of the AIC Defendants' affirmative defenses at any point in this litigation and any other rights it has under the Federal Rules of Civil Procedure or other applicable law.

7. A proposed form of order is attached to this joint motion.

WHEREFORE, plaintiff Securities and Exchange Commission and defendants AIC, Inc., Community Bankers Securities, LLC, and Nicholas D. Skaltsounis and relief defendants Allied Beacon Partners, Inc. (f/k/a Waterford Investor Services, Inc.), Advent Securities, Inc., and CBS Advisors, LLC, respectfully request that the Court grant this joint motion and enter a stipulated order in the form attached.

Respectfully submitted,

Dated: November 10, 2011.

s/ Michael J. Rinaldi
G. Jeffrey Boujoukos
Michael J. Rinaldi
Scott A. Thompson

Attorneys for Plaintiff:

**SECURITIES AND EXCHANGE COMMISSION**
Philadelphia Regional Office
701 Market Street, Suite 2000
Philadelphia, Pa. 19106
Telephone: (215) 597-3100
Facsimile: (215) 597-2740
RinaldiM@sec.gov

Dated: November 10, 2011.

s/ Garrett P. Swartwood [added with permission]
Garrett P. Swartwood (BPR # 21803)
Long, Ragsdale & Waters, P.C.
1111 Northshore Drive, S-700
Knoxville, Tenn. 37919
Telephone: (865) 584-4040
Facsimile: (865) 584-6084
gswartwood@lrwlaw.com

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Va. 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
stevenbiss@earthlink.net

Elliott P. Park (VSB # 39163)
Park and Company, P.C.
1011 East Main Street, Suite 300
Richmond, Va. 23219
Telephone: (804) 648-7565
Facsimile: (804) 648-7567
epp@parkandcompany.com

Attorneys for Defendants AIC, Inc., Community Bankers Securities, LLC, and Nicholas D. Skaltsounis and Relief Defendants Allied Beacon Partners, Inc. (f/k/a Waterford Investor Services, Inc.), Advent Securities, Inc., and CBS Advisors, LLC

**CERTIFICATE OF SERVICE**

I hereby certify, this tenth day of November, 2011, that I served a true and correct copy of the foregoing Joint Motion of Plaintiff Securities and Exchange Commission and the AIC Defendants for the Entry of a Stipulated Order Regarding the Withdrawal of the AIC Defendants' Motion to Dismiss and Resolving the Plaintiff's Cross-Motion to Strike, by the means indicated, upon the following:

>Garrett P. Swartwood, Esq.
>Long, Ragsdale & Waters, P.C.
>1111 Northshore Drive, S-700
>Knoxville, Tenn. 37919
>(by the Court's electronic filing system)
>
>Steven S. Biss, Esq.
>300 W. Main St., Ste. 102
>Charlottesville, Va. 22903
>(by first-class mail, postage prepaid)
>
>Elliot P. Park, Esq.
>Park and Company, P.C.
>1011 E. Main St., Ste. 300
>Richmond, Va. 23219
>(by first-class mail, postage prepaid)
>
>Mr. John B. Guyette
>2559 53rd Avenue
>Greeley, Colo. 80634
>(by first-class mail, postage prepaid)
>
>Mr. John R. Graves
>4300 W. Francisco Road, Unit 11
>Pensacola, Fla. 32504
>(by first-class mail, postage prepaid)

>>s/ Michael J. Rinaldi
>>Michael J. Rinaldi