IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : No. 3:11-cv-00176 |
| AIC, INC. et al., | : |
| Defendants, | : |
| and | : |
| ALLIED BEACON PARTNERS, INC. (f/k/a Waterford Investor Services, Inc.) et al., | : |
| Relief Defendants. | : |

## PLAINTIFF'S RESPONSE TO THE MOTION TO WITHDRAW AS COUNSEL

Plaintiff Securities and Exchange Commission (the "Commission"), by and through its undersigned counsel, hereby responds to the motion of Garrett P. Swartwood, Esquire, and the law firm of Long, Ragsdale & Waters, P.C., to withdraw as counsel for defendants AIC, Inc., Community Bankers Securities, LLC, and Nicholas D. Skaltsounis and relief defendants Allied Beacon Partners, Inc. (f/k/a Waterford Investor Services, Inc.), Advent Securities, Inc., and CBS Advisors, LLC (collectively, the "AIC Defendants").

As things currently stand, the Commission must oppose the motion to withdraw as counsel. Five of the six parties represented by Mr. Swartwood and his firm are entity defendants, and, to date, no substitute counsel has entered his appearance. See Local Rule 83.4(f) ("If the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances,

shall not allow the attorney to withdraw until the client has obtained substitute counsel."). As Local Rule 83.4 makes clear, these entities cannot go unrepresented in this case.

As for Mr. Swartwood's non-entity client (defendant Skaltsounis), a similar result is required. Allowing a withdrawal as to defendant Skaltsounis would likely cause additional delays in this case, because no other action on defendant Skaltsounis' behalf could be taken unless substitute counsel appears or defendant Skaltsounis appears pro se pursuant to an order of substitution, neither of which has happened. See Local Rule 83.4(c), (d), & (f). Given the delays that have already occurred in this case (caused in large part by the AIC Defendants' failure to comply with discovery obligations), it seems that the best and most efficient course of action is for the AIC Defendants to promptly obtain substitute counsel and for that substitute counsel to enter his appearance.

The Commission wishes to be clear that it is not faulting Mr. Swartwood or his firm for the AIC Defendants' failure to obtain substitute counsel. Neither Mr. Swartwood nor his firm can force the AIC Defendants to do that. But, given that the motion was premised on the AIC Defendants' obtaining substitute counsel and not the existence of extraordinary circumstances sufficient to allow for withdrawal absent substitution, the Commission submits that the motion should not be granted—at least for the time being.

Finally, it is not clear that all of the procedural requirements of Local Rule 83.4(f) have been met. Among other things, the Local Rule requires that a motion to withdraw as counsel include the current mailing address and telephone number of the client and that the motion either be consented to by the client or, in the absence of consent, be served on the client fourteen days before filing. Local Rule 83.4(f). In addition, if a hearing is set on the motion (as is the case here), the client must be served with notice of the date, time, and place of the hearing and of his

2

Case 3:11-cv-00176-TAV-HBG   Document 49   Filed 07/19/12   Page 2 of 4   PageID #: 560

right to appear and to be heard on the motion. Id. And compliance with the Local Rule must be certified to the Court. Id.

Based on the current facts and for all the foregoing reasons, the motion to withdraw as counsel should be denied.

Respectfully submitted,

Dated: July 19, 2012.

s/ Michael J. Rinaldi
G. Jeffrey Boujoukos
Michael J. Rinaldi
Scott A. Thompson

Attorneys for Plaintiff:

**SECURITIES AND EXCHANGE COMMISSION**
Philadelphia Regional Office
701 Market Street, Suite 2000
Philadelphia, Pa. 19106
Telephone: (215) 597-3100
Facsimile: (215) 597-2740
RinaldiM@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify, this nineteenth day of July, 2012, that I served a true and correct copy of the foregoing Plaintiff's Response to the Motion to Withdraw as Counsel, by the means indicated, upon the following:

    Garrett P. Swartwood, Esq.
    Long, Ragsdale & Waters, P.C.
    1111 Northshore Drive, S-700
    Knoxville, Tenn. 37919
    (by the Court's electronic filing system)

    Steven S. Biss, Esq.
    300 W. Main St., Ste. 102
    Charlottesville, Va. 22903
    (by electronic mail and first-class mail, postage prepaid)

    Elliot P. Park, Esq.
    Park and Company, P.C.
    1011 E. Main St., Ste. 300
    Richmond, Va. 23219
    (by electronic mail and first-class mail, postage prepaid)

    Mr. John B. Guyette
    2559 53rd Avenue
    Greeley, Colo. 80634
    (by electronic mail and first-class mail, postage prepaid)

    Mr. John R. Graves
    4300 W. Francisco Road, Unit 11
    Pensacola, Fla. 32504
    (by electronic mail and first-class mail, postage prepaid)

                                        s/ Michael J. Rinaldi
                                        Michael J. Rinaldi