

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
PHILADELPHIA REGIONAL OFFICE
Mellon Independence Center
701 Market Street
SUITE 2000
PHILADELPHIA, PENNSYLVANIA 19106-1532

**MICHAEL J. RINALDI**
SENIOR TRIAL COUNSEL
*(215) 597-3192*
*RinaldiM@sec.gov*

November 26, 2012

***Via ECF and E-Mail***
The Honorable H. Bruce Guyton
U.S. District Court for the Eastern District of Tennessee
800 Market St., Ste. 142
Knoxville, Tenn. 37902

      Re:    <u>SEC v. AIC, Inc., No. 3:11-cv-00176 (E.D. Tenn.)</u>

Dear Judge Guyton:

      Presently before the Court is a discovery dispute between plaintiff Securities and Exchange Commission (the "Commission") and the "AIC Defendants."[1] This is a civil enforcement action by the Commission against the AIC Defendants and others. As alleged in the Commission's amended complaint, defendant Skaltsounis (founder and President of defendant AIC) devised and orchestrated an offering fraud and Ponzi scheme, which caused dozens of investors in at least fourteen states to lose millions of dollars. In this action, the Commission seeks, <u>inter alia</u>, injunctive relief against the defendants, disgorgement of the ill-gotten proceeds of the fraud, and civil penalties.

      In their answer to the amended complaint, the AIC Defendants assert a number of affirmative defenses, including that they were allegedly relying on the advice of their lawyer when they committed their securities fraud. In their initial disclosures and other discovery papers, the AIC Defendants have identified no fewer than twenty-one individuals who purportedly have knowledge of the pertinent communications between AIC and its then lawyer. In addition, the AIC Defendants have identified numerous others supposedly with relevant knowledge, such as AIC's former Chief Financial Officer (C. Franklin Flanary), other high-ranking executives (Harvey S. Martin, Roger F. Leibowitz, and Richard E. Landi), and other current or former employees and consultants (Carl Johnson, Della J. Tabar, James M. Mitchell, Ned Byrne, George J. Gilbert, and Pamela A. Lewis), who either "were involved in the operation of the Relief Defendants for many years," made presentations to prospective investors, or "have knowledge of matters relating to AIC, investments in AIC, and the Relief Defendants' legitimate businesses, and that there was no [P]onzi scheme or fraud." (AIC Defendants' Initial Disclosures at 4.) The AIC Defendants also identify the "[m]others, wives, husbands, sisters and other family members of AIC Board members" as persons with relevant knowledge. (<u>Id.</u> at 3.)

---

[1] The term "AIC Defendants" collectively refers to defendants AIC, Inc., Community Bankers Securities, LLC, and Nicholas D. Skaltsounis and relief defendants Allied Beacon Partners, Inc. (f/k/a Waterford Investor Services, Inc.), Advent Securities, Inc., and Allied Beacon Wealth Management, LLC (f/k/a CBS Advisors, LLC).

The Commission staff has been diligent in seeking discovery from the AIC Defendants and the other defendants in this action. It served interrogatories and document requests on January 6, 2012, which was the day after the parties' Rule 26(f) conference. Unfortunately, the AIC Defendants did not exhibit the same diligence in responding. For months (and to this day), the AIC Defendants have not fully complied with their discovery obligations, including by not producing all responsive documents. Further delay occurred when the AIC Defendants' prior Tennessee counsel (and, at the time, the only counsel of record for the AIC Defendants) filed a motion to withdraw his representation. Despite these discovery deficiencies and other delays, the Commission staff has pressed forward and, to date, has taken eleven depositions, all of persons identified by the AIC Defendants as having relevant knowledge. Scheduling these depositions with the AIC Defendants' counsel (Steven S. Biss, Esquire) has not been easy—Mr. Biss has insisted that depositions only take place on specific dates, and depositions have had to be postponed to accommodate his schedule.

Much of the present discovery dispute revolves around the fact that the AIC Defendants have identified many individuals as having relevant knowledge but have effectively—through unilateral and unreasonable scheduling demands—stymied the Commission staff's attempts to obtain deposition testimony from them. For instance, weeks ago, counsel for the Commission requested dates for several depositions during the month of November, so that these depositions could be taken in advance of the December 7 deadline for the Commission to serve expert disclosures. All of the depositions were of persons identified by the AIC Defendants in their disclosures and discovery papers as having relevant knowledge. Despite assurances from Mr. Biss that adequate dates would be provided, when he finally provided his available deposition dates, only one was during the month of November and only five were for an entire eight-week period, and most of the available deposition dates fell after the close of discovery (i.e., after February 5, 2013).

The AIC Defendants simply cannot take the position that so many individuals have relevant knowledge but then effectively deny the Commission the opportunity to take their depositions by making unreasonable scheduling demands. Counsel for the Commission addressed this matter with the AIC Defendants' counsel in numerous letters and e-mail messages, including a November 7 letter, in which Mr. Biss was offered two reasonable alternatives: either provide additional dates on which he is available for depositions or, if his schedule does not allow for that, file a motion seeking a two-month extension to the trial date, which motion the Commission would not oppose. Mr. Biss never directly addressed this specific suggestion by the Commission's counsel, but, in a November 9 e-mail message, he did accuse the Commission's counsel of "wasting tax-payor [sic] dollars" and of engaging in a "fishing expedition."

As noted above, other discovery issues remain, as well. During the October 26 deposition of Ms. Tabar, defendant Skaltsounis's former executive assistant, Ms. Tabar testified to the existence of audio recordings of AIC's board meetings, as well as, inter alia, documents that would evidence certain communications with prospective AIC investors. These documents are clearly pertinent to this case and were called for in the Commission's January 6 document requests. They have not been produced despite numerous inquiries about them since Ms. Tabar's deposition. The AIC Defendants also have not produced the general ledgers for relief defendant CBS Advisors, despite being called for in the January 6 document requests and despite several inquiries by the Commission's counsel. Plus, the AIC Defendants have stored around 200 boxes of documents (including client brokerage records) at an apartment building in Richmond, Virginia. In response to the Commission's document requests, the AIC Defendants instructed the Commission staff to look through these documents. Although counsel for the Commission has attempted to do so and has marked certain

documents for copying (though the Commission staff was subsequently denied access to certain of these documents), many of the documents remain in a condition that makes their review impracticable at best. In addition, the AIC Defendants' written responses to the Commission's January 6 document requests remain inadequate. Mr. Biss has acknowledged as much, but they still have not been supplemented. Finally, there has been a significant amount of delay and obstruction at certain depositions, on account of Mr. Biss frequently interrupting with improper objections (such as for hearsay and that the witness lacks knowledge, before the witness has even answered) and other commentary. His conduct during Mr. Flanary's deposition was so improper that Mr. Flanary's counsel addressed Mr. Biss: "What I'm requesting is that you engage in a modicum of cooperation with the other people here so that this can go in a more expedited manner." To which Mr. Biss responded, "I am not going to agree with that." (Flanary Dep. at 184.)

The Commission staff respectfully requests that the Court grant a short and reasonable extension to the applicable deadlines so that the Commission staff can complete its discovery. And—so that no further delay occurs in connection with the scheduling of depositions—the Commission staff requests that the Court order the parties to confer regarding scheduling, with the schedule confirmed by order of the Court. The AIC Defendants should also produce all documents requested by the Commission staff, including all financial records, audio recordings of board and other meetings, and documents evidencing communications with investors or prospective investors. They should review all documents in their possession, custody, or control (including any at the Richmond apartment building not already marked for copying) and produce those that are responsive. The Commission staff should also be granted access to documents marked for copying but that remain at the Richmond apartment building. And the AIC Defendants should confirm their compliance with their discovery obligations by serving responses to the document requests stating that all responsive, non-privileged documents have been produced. Finally, Mr. Biss should be ordered to limit his commentary during others' questioning at depositions to objections as to the form of the question (with other objections being preserved) or legitimate instructions not to answer the question.

Counsel for the Commission has offered numerous times to work to resolve this discovery dispute, only to have those offers unanswered or rebuffed. Although it is unfortunate that this discovery conference was made necessary, the fact remains that the Commission is entitled to the depositions and other discovery it seeks, so that it can effectively carry out its congressional mandate to protect investors and to remedy securities fraud. The relief sought by the Commission staff here is consistent both with the Rules and that congressional mandate.

Respectfully,

Michael J. Rinaldi

cc:     Heather G. Anderson, Esq. (via ECF and e-mail)
        Steven S. Biss, Esq. (via ECF and e-mail)
        Mr. John B. Guyette (via e-mail and first-class mail, postage prepaid)
        Mr. John R. Graves (via e-mail and first-class mail, postage prepaid)