UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-176 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| AIC, Inc., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the discovery dispute provision of the Scheduling Order [Doc. 41].

On November 28, 2012, the Court conducted a telephonic conference to address discovery disputes and scheduling in this matter. Attorney Michael Rinaldi was present representing the Plaintiff. Attorneys Steven Biss and Heather Anderson were present representing Defendants AIC, Inc., Community Bankers Securities, LLC, Nicholas D. Skaltsounis, Allied Beacon Partners, Inc., Advent Securities, Inc., and Allied Beacon Wealth Management, LLC. Notice of this telephonic conference was mailed to Defendants John B. Guyette and John Graves, who are proceeding *pro se*, but neither Mr. Guyette nor Mr. Graves participated in the call.

The Court heard the parties' positions, reviewed the parties' submissions on their disputes, and discussed the issues presented with the parties during the telephone conference. As more fully explained in the conference, the Court **ORDERS**:

1. The trial in this matter is **RESET** to commence at **9:00 a.m. on September 23, 2013**;

2. The parties shall contact the chambers of the Honorable Thomas A. Varlan, United States District Judge, to set a pretrial conference;

3. All unexpired deadlines contained in the Scheduling Order [Doc. 41] are **RESET** to correspond to the new trial date;

4. The parties **SHALL CONFER** and attempt to resolve and/or narrow their production issues on or before **December 7, 2012**;

5. The parties are **GRANTED LEAVE** to file Motions to Compel to address any production issues that are outstanding on or after **December 10, 2012**;

6. The Plaintiff is **GRANTED LEAVE** to take **seven (7) additional hours** of deposition testimony from Defendant Nicholas D. Skaltsounis, who has been identified as both a person with knowledge of relevant facts and a Rule 30(b)(6) deponent for Defendant corporations. If additional deposition testimony time is required, the Plaintiff may move for additional time; and

7. Finally, when conducting depositions in this case,
    a. Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court;

b. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsels' statements when making objections should be succinct, stating the basis of the objection and nothing more; and

c. Counsel and their witness-clients shall not engage in private, off-the-record conferences while the deposition is proceeding in session, except for the purpose of deciding whether to assert a privilege. Counsel may confer with their clients during mid-morning, lunch, mid-afternoon, or overnight breaks in the deposition. However, counsel for a deponent may not request such a break while a question is pending or while there continues a line of questioning that may be completed within a reasonable time preceding such scheduled breaks.

If counsel for any party fails to abide by these guidelines, the parties shall recess from the deposition in which the conduct occurred and call the chambers of the undersigned immediately.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge