UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) Plaintiff, ) ) ) V. ) ) AIC, Inc., *et al.*, ) ) Defendants. ) | No. 3:11-CV-176 (VARLAN/GUYTON) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of the District Judge referring Plaintiff's Motion to Strike to the undersigned for disposition.

**I.     BACKGROUND**

Plaintiff filed this action on April 15, 2011, naming AIC, Inc., Community Bankers Securities, LLC, Nicholas D. Skaltsounis, John B. Guyette, and John R. Graves, as defendants and Allied Beacon Partners, Inc., Advent Securities, Inc., and CBS Advisors, LLC, as relief defendants. Plaintiff alleged various violations of the Securities Act of 1933, 15 U.S.C. §§ 77a *et seq.*, the Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.*, and the Investment Advisers Act of 1940, 18 U.S.C. §§ 80b-1, *et seq.*

On November 21, 2011, the Honorable Thomas A. Varlan, United States District Judge, entered a Stipulated Order resolving three pending motions, including: the motion to dismiss contained within the Answer and Affirmative Defense and Renewed Objection to Venue [Doc.

31]; the Plaintiff's Cross-Motion to Strike [Doc. 33]; and AIC Defendants for the Entry of a Stipulated Order Regarding the Withdrawal of the AIC Defendants' Motion to Dismiss and Resolving the Plaintiff's Cross-Motion to Strike [Doc. 39]. The Stipulated Order struck a number of the affirmative defenses pled in this case. [Doc. 40 at 2-3].

On September 28, 2012, the Plaintiff filed a Motion to Amend its Complaint. On October 25, 2012, Judge Varlan granted the Motion to Amend. [Doc. 64]. On October 25, 2012, the Plaintiff filed its Amended Complaint [Doc. 65], and on November 8, 2012, AIC, Inc., Community Bankers Securities, LLC, Nicholas Skaltsounis, Allied Beacon Partners, Inc., Advent Securities, Inc., and Allied Beacon Wealth Management, LLC, filed their Answer and Affirmative Defenses to First Amended Complaint and Renewed Objection to Venue [Doc. 66].

The Plaintiff filed its Motion to Strike on December 3, 2012, and AIC, Inc., Community Bankers Securities, LLC, Nicholas Skaltsounis, Allied Beacon Partners, Inc., Advent Securities, Inc., and CBS Advisors, LLC,[1] responded in opposition on December 18, 2012. [Doc. 73]. The Plaintiff filed a final reply in support of its position on December 28, 2012. [Doc. 75]. The Court finds that the Motion to Strike is ripe for adjudication, and for the reasons stated herein, the Motion to Strike will be **GRANTED IN PART, DENIED IN PART,** and **DENIED WITHOUT PREJUDICE IN PART**.

II.     POSITIONS OF THE PARTIES

In the instant motion, Plaintiff moves the Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike certain affirmative defenses set forth in the Amended Answer to Plaintiff's Amended Complaint [Doc. 66], filed November 8, 2012. Plaintiff argues that in the Stipulated Order Judge Varlan struck the same affirmative defenses that Defendants have once

---

[1] For purposes of this motion, these persons and entities are referred to as the "Defendants."

again pled.  Plaintiff seeks to strike these affirmative defenses.  In the alternative, the Plaintiff argues that the affirmative defenses are legally insufficient.

The Defendants respond that the affirmative defenses pled are properly raised.  [Doc. 73].  The Defendants argue that the affirmative defenses contain a short and plain statement of matters of avoidance and defense, and they support Defendants' defenses under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Defendants review, at length, the merits of each of the affirmative defenses asserted.

The Plaintiff replies that the Defendants' response brief is no more than an attempt to obfuscate the issue by diverting attention away from the affirmative defenses that Plaintiff maintains should be stricken.  [Doc. 75].  Plaintiff argues that the Defendants made no effort to explain why the defenses that were previously stricken from the Complaint should not be stricken again.  In addition, Plaintiff argues that the Defendants have not addressed the legal deficiencies in a number of their affirmative defenses.

**III.   ANALYSIS**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In this matter, Judge Varlan entered a Stipulated Order directing:

> a. From the First Affirmative Defense and Motion to Dismiss, the third sentence, as well as the words "and MOTION TO DISMISS" from the heading of the First Affirmative Defense and Motion to Dismiss, are **STRICKEN**;
>
> b. from the Second Affirmative Defense and Motion to Dismiss, the second through sixth sentences, inclusive, as well as the words

"and MOTION TO DISMISS" from the heading of the Second Affirmative Defense and Motion to Dismiss, are **STRICKEN**;

c. from the Third Affirmative Defense and Motion to Dismiss, the second through eighth sentences, inclusive, as well as the words "and MOTION TO DISMISS" from the heading of the Third Affirmative Defense and Motion to Dismiss, are **STRICKEN**;

d. from the Fourth Affirmative Defense and Motion to Dismiss, the words "and MOTION TO DISMISS" from the heading of the Fourth Affirmative Defense and Motion to Dismiss, are **STRICKEN**;

e. from the Fifth Affirmative Defense and Motion to Dismiss, the second sentence of the first paragraph, the second through fourth paragraphs, inclusive, and footnote 1 on page 5, as well as the words "and MOTION TO DISMISS" from the heading of the Fifth Affirmative Defense and Motion to Dismiss, are **STRICKEN**;

f. the Eighth Affirmative Defense is **STRICKEN** in its entirety;

g. from the Ninth Affirmative Defense, the first sentence is **STRICKEN**;

h. the Tenth Affirmative Defense is **STRICKEN** in its entirety;

i. from the Eleventh Affirmative Defense, the words "ratification, assumption of the risk, and negligence" are **STRICKEN**;

j. the Twelfth Affirmative Defense is **STRICKEN** in its entirety; and

k. the Thirteenth Affirmative Defense is **STRICKEN** in its entirety.

[Doc. 40 at 2-3].

The Court has compared the rulings in the Stipulated Order to the Plaintiff's prayer for relief in the instant case, and the Court finds:

1. **The First Affirmative Defense (Sentences 4, 5, 6, 7, and 9)**[2]: With regard to Sentence 7, the Court finds Judge Varlan struck the ratification defense from the Eleventh Affirmative Defense contained in the initial Answer. Judge Varlan also struck the type of general denials contained in Sentences 4, 5, 6. The Defendants have not demonstrated a basis for reconsidering these rulings. Therefore, the Motion to Strike is **GRANTED** as to Sentence 4, 5, 6, and 7 of the First Affirmative Defense. It is **DENIED** as to Sentence 9 of the First Affirmative Defense, because the Court finds that the Stipulated Order entered by Judge Varlan did not address the statute of limitations affirmative defense and the Court further finds that the Plaintiff has not carried the burden for excluding this language under Rule 12(f).

2. **The Second Affirmative Defense (Sentences 2, 3, 4, 5 (words "unclean hands"), and 7)**: As to Sentences 2, 3, and 4, the Court finds that Judge Varlan struck similar legal conclusions and arguments from the initial Answer. The Defendants have not demonstrated a basis for reconsidering this ruling. Therefore, the Motion to Strike is **GRANTED** as to Sentences 2, 3, and 4 of the Second Affirmative Defense. It is **DENIED** as to Sentence 7 of the Second Affirmative Defense, because the Court finds that the Stipulated Order entered by Judge Varlan did not address the statute of limitations affirmative defense and the Court further finds that the Plaintiff has not carried the burden for excluding this language under Rule 12(f). Finally, the Court finds that neither side has briefed the legal viability of a "unclean hands" defense sufficiently at

---

[2] This Memorandum and Order refers to the affirmative defenses and language as they are contained in the Answer and Affirmative Defenses to the First Amended Complaint and Renewed Objection to Venue [Doc. 66].

this juncture. The request to strike the words **"unclean hands"** from Sentence 5 will be **DENIED WITHOUT PREJUDICE**.

3. **Third Affirmative Defense (Sentences 2, 3, 4 (words "unclean hands"), and 6)**: As to Sentences 2 and 3, the Court finds that Judge Varlan struck similar legal conclusions and arguments from the initial Answer. The Defendants have not demonstrated a basis for reconsidering this ruling. Therefore, the Motion to Strike is **GRANTED** as to Sentences 2 and 3 of the Third Affirmative Defense. It is **DENIED** as to Sentence 6 of the Third Affirmative Defense, because the Court finds that the Stipulated Order entered by Judge Varlan did not address the statute of limitations affirmative defense and the Court further finds that the Plaintiff has not carried the burden for excluding this language under Rule 12(f). The request to strike the "unclean hands" language in Sentence 4 is again **DENIED WITHOUT PREJUDICE**.

4. **Fourth Affirmative Defense (Sentences 2 and 5)**: As to Sentence 2, the Court finds that Judge Varlan struck similar legal conclusions and arguments from the initial Answer. The Defendants have not demonstrated a basis for reconsidering this ruling. Therefore, the Motion to Strike is **GRANTED** as to Sentence 2 of the Fourth Affirmative Defense. It is **DENIED** as to Sentence 5 of the Fourth Affirmative Defense, because the Court finds that the Stipulated Order entered by Judge Varlan did not address the statute of limitations affirmative defense and the Court further finds that the Plaintiff has not carried the burden for excluding this language under Rule 12(f).

5. **Fifth Affirmative Defense (Sentences 2, 3, and 5)**: As to Sentences 2 and 3, the Court finds that Judge Varlan struck similar legal conclusions and arguments from the initial Answer. The Defendants have not demonstrated a basis for reconsidering this ruling.

Therefore, the Motion to Strike is **GRANTED** as to Sentences 2 and 3 of the Fifth Affirmative Defense. It is **DENIED** as to Sentence 5 of the Fifth Affirmative Defense, because the Court finds that the Stipulated Order entered by Judge Varlan did not address the statute of limitations affirmative defense and the Court further finds that the Plaintiff has not carried the burden for excluding this language under Rule 12(f).

6. **Sixth Affirmative Defense (Sentences 2, 3, 5 (words "unclean hands"), 6, and 7)**: As to Sentences 2, 3, 6, and 7, the Court finds that Judge Varlan struck similar legal conclusions and arguments from the initial Answer. The Defendants have not demonstrated a basis for reconsidering this ruling. Therefore, the Motion to Strike is **GRANTED** as to Sentences 2, 3, 6, and 7 of the Sixth Affirmative Defense. The request to strike the "unclean hands" language in Sentence 5 is again **DENIED WITHOUT PREJUDICE**.

7. **Ninth Affirmative Defense (Sentence 1)**: The Court finds that Judge Varlan struck legal conclusions and arguments similar to Sentence 1 of the Ninth Affirmative Defense from the initial Answer. The Defendants have not demonstrated a basis for reconsidering this ruling. Therefore, the Motion to Strike is **GRANTED** as to Sentence 1 of the Ninth Affirmative Defense.

8. **Tenth Affirmative Defense (words "unclean hands")**: For the reasons stated above, the request to strike the "unclean hands" language the Tenth Affirmative Defense is **DENIED WITHOUT PREJUDICE**.

In so ruling, the Court finds that the Defendants' shuffling of their affirmative defenses in their revised pleading was careless at best. Counsel for the Plaintiff and the Court have been required to expend resources unnecessarily in identifying and striking the redundancies that the Court

7

Case 3:11-cv-00176   Document 81   Filed 02/20/13   Page 7 of 8   PageID #: 1088

ordered removed over a year ago. Going forward the parties shall litigate this case in a manner that avoids superfluous motion practice.

## IV. CONCLUSION

The Plaintiff's Motion to Strike **[Doc. 71]** is **GRANTED IN PART, DENIED IN PART,** and **DENIED WITHOUT PREJUDICE IN PART**. The Defendants **SHALL FILE** an amended Answer that is consistent with the rulings announced above on or before **February 28, 2013**.

**IT IS SO ORDERED.**

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge