UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SECURITIES AND EXCHANGE COMMISSION, )
)
       Plaintiff, )
) No. 3:11-CV-176
V. ) (VARLAN/GUYTON)
)
AIC, Inc., *et al.*, )
)
       Defendants. )

# ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of the District Judge to address discovery issues in this case. The parties appeared before the undersigned on February 21, 2013, to address Plaintiff's Motion to Compel Discovery [Doc. 76]. Michael J. Rinaldi was present for the Plaintiff. Steven Biss and Heather Anderson were present for the Defendants.

The Plaintiff asserts that the Defendants, in response to Plaintiff's document request, have failed to comply with their obligations under Rule 34 of the Federal Rules of Civil Procedure. The Plaintiff identifies several specific categories of documents which have not been produced, for example, audio recordings of board meetings, investor communications, and financial records. Plaintiff also complains that it was given access to review documents under unsatisfactory conditions. Defendants respond that all requested documents either have been made available for Plaintiff's review, or they are in the process of being produced, for example, general ledgers.

1

The main dispute concerns approximately 200 boxes of documents being stored in an AIC, Inc. office in Richmond, Virginia, by the Defendants. The documents have not been organized or labeled to respond to document requests by Plaintiff. Conditions for reviewing the documents by Plaintiff are unsatisfactory, according to Plaintiff. Plaintiff, however, wants to assure itself that it sees all documents. Defendant AIC, Inc., asserts that it does not have the financial resources to copy 200 boxes of documents and send them to Plaintiff. Defendant AIC, Inc., however, does not object to the Plaintiff removing all of the boxes and reviewing the contents in a location with conditions satisfactory to the Plaintiff.

Accordingly, the Court **ORDERS** that the Plaintiff be allowed to move all of the boxes to a location of the Plaintiff's choosing, where the Plaintiff can review the documents as it sees fit, and then return them. The Court finds that this is the most effective way to ensure that the Plaintiff is provided full access to all stored items. Parties to coordinate arrangements as soon as possible.

Plaintiff also requests all audio recordings of board of director meetings. Defendant says some meetings were not recorded, particularly "later meetings." Defendants say all recordings, along with minutes of the meetings, have been produced, or "are in the 200 boxes in Richmond."

Ms. "Tabor's" file of "investor communications" is sought by Plaintiff. Defendant says there is no such file.

Plaintiff seeks assurance that all "investor communications" documents have been produced. Defendant asserts that all such documents are included in the 200 boxes in the Richmond storage office.
2

Plaintiff seeks all general ledgers and financial statements which have been requested. Defendant says all have been produced.

Defendant must confirm, in writing, to Plaintiff on or before **March 15, 2013**, that all requested documents in the Defendant's possession, control, or custody have been produced or made available to Plaintiff.

In sum, the Motion to Compel **[Doc. 76]** is **GRANTED IN PART and DENIED IN PART**, as stated above.

IT IS SO ORDERED.

ENTER:

     s/ H. Bruce Guyton
United States Magistrate Judge