```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF TENNESSEE
        NORTHERN DIVISION, AT KNOXVILLE, TENNESSEE


Securities and Exchange Commission,           :
                                              :
            Plaintiff,                        :
                                              :
Vs.                                           : CV
                                              : 3-11-176
AIC, Inc., et.al.                             :
                                              :
            Defendant,                        :


      Transcript of motion hearing before the
Honorable H. Bruce Guyton on July 23, 2012.


APPEARANCES:

                ON BEHALF OF THE PLAINTIFF:

                Michael J. Rinaldi
                Attorney at Law


                ON BEHALF OF THE DEFENDANT:

                Garrett P. Swartwood
                Attorney at Law



                Jolene Owen, R.P.R.
             800 Market Street, Suite 131
                   P.O. Box 2201
              Knoxville, Tennessee, 37901
                   (865) 384-6585
```

July 23, 2012

1    COURTROOM DEPUTY:  Securities and Exchange
2 Commission versus AIC, Inc.
3    Here on behalf of the plaintiff is Michael
4 Rinaldi.  Is counsel for the plaintiff present and ready
5 to proceed?
6    MR. RINALDI:  Yes.
7    COURTROOM DEPUTY:  Here on behalf of the
8 defendant is Garrett Swartwood.  Is counsel for the
9 defendant present and ready to proceed?
10    MR. SWARTWOOD:  Yes.
11    THE COURT:  Good afternoon, counsel. Welcome
12 to town, Mr. Rinaldi.  It's always nice to have an
13 infusion of money from D.C. into the local economy.
14    MR. RINALDI:  Thank you, Your Honor.
15    THE COURT:  This matter is before the Court on
16 this motion to withdraw Mr. Swartwood has filed.  I know
17 that the plaintiff filed a response in opposition.  Let
18 me ask you, Mr. Swartwood, where are we?
19    MR. SWARTWOOD:  Mr. Rinaldi and I have
20 discussed the matter some.  I don't think we have
21 reached an agreement.  We have come close to a concept
22 of an agreement.
23    I plan to try to explain to the Court more
24 specifically what's going on with this case and ask for
25 a couple of week period at least for the defendants to

1  find alternative counsel or for another attorney to
2  appear pro hoc vice.  We haven't reached agreement with
3  plaintiff's counsel about that.
4          THE COURT:  What are you proposing today then?
5          MR. SWARTWOOD:  Your Honor, if I may briefly
6  explain the circumstances.  We were initially engaged by
7  an attorney in Virginia named Steven Biss.  I have
8  looked Mr. Biss up.  He is an attorney admitted before
9  the Virginia bar.  He has been acting as the lead
10 counsel in this case.
11         He has hired us as local counsel to represent
12 these defendants to make uncontested court appearances
13 and that sort of thing.
14         I don't have really any contact with the actual
15 clients.  I don't even know if these corporations are in
16 business.  I don't have contact with the principals of
17 the corporation.  I don't have contact with the
18 individual, Mr. Skaltsounis, I believe his name is
19 pronounced.  I don't have any of the documents.
20         For this entire time this case has been pending
21 plaintiff's counsel has been having to deal with
22 Mr. Biss and has been dealing with Mr. Biss to obtain
23 interrogatory answers, to get documents.  I believe
24 Mr. Biss even appeared in depositions last week on
25 behalf of the defendants with plaintiff's counsel's -- I

1 suppose plaintiff's counsel's acquiescence.  I don't
2 want to step my toes into it.
3          The long and short is, Your Honor, I don't have
4 any contact with these defendants or the ability to
5 properly represent them, as a result of that.
6          Mr. Biss has been telling me for the last five
7 months that he would appear pro hoc vice.  I spoke with
8 him today.  He said once again he would do that.
9          I have filed just an hour ago, Your Honor, some
10 e-mail correspondence between Mr. Biss and me in which
11 he indicated that he would get his Certificate of Good
12 Standing from the Virginia bar by I think Wednesday and
13 be able to file something on Thursday.
14          What I would ask the Court -- to get to the
15 Court's question, is that the Court allow some period of
16 time -- I propose 14 days -- for Mr. Biss to either
17 appear pro hoc vice or for another attorney to appear in
18 this case.
19          What I would ask the Court not to do is make
20 our withdrawal conditioned upon doing that.  I am
21 concerned if the Court does that, then it allows
22 Mr. Biss the opportunity not to comply and appear pro
23 hoc vice.  It gives him an excuse not to do so because
24 there will still be this local counsel on board for
25 that.

4

1    I think that is where plaintiff's counsel and I
2 probably differ, Your Honor.
3    THE COURT:  All right.  Let's see.
4    Mr. Rinaldi.
5    MR. RINALDI:  Thank you, Your Honor.
6 Mr. Swartwood has correctly identified the point of
7 disagreement.  I think earlier today I was the one that
8 actually proposed the idea of putting plaintiff's
9 counsel in Virginia on a short leash, if you will, and
10 provide a 7 or 14 day period for him either to appear
11 pro hoc vice or have alternative local counsel make his
12 representation or appearance in this court.
13    I think the local Rule 83.4 is unambiguous.
14 That Mr. Swartwood's motion to withdraw should be denied
15 until substitute counsel is retained, or Mr. Biss enters
16 his appearance.  The reason is two fold.  First, the
17 entity defendants here cannot proceed without counsel.
18 Mr. Swartwood's motion does not even purport to state
19 extraordinary circumstances that look for or allow for
20 withdrawal absent substitution, nor has he argued here
21 today that those extraordinary circumstances exist.
22    Moreover, local Rule 83.4 expressly points to
23 the danger of delay, and given the delay that has
24 already occurred in this case, due to an ongoing set of
25 discovery disputes, the plaintiff is concerned that

1 additional delay will happen here that if the
2 defendants, including the non-entity defendant,
3 Mr. Skaltsounis, goes without counsel even for a short
4 period of time, because there is no guarantee that
5 ultimately Mr. Biss will make this appearance or
6 alternative local counsel may be retained.
7 　　　　　The solution that the Commission proposes,
8 which is consistent with the local rule and I think also
9 provides Mr. Swartwood with some degree of certainty is
10 to provide either a 7 or 14 day period in which either
11 Mr. Biss has to enter his appearance through a motion
12 for pro hoc vice admission, some other counsel has to
13 appear on behalf of Mr. Swartwood's clients or Mr. Biss
14 has to explain why, or his clients have to explain why
15 they haven't taken those actions.
16 　　　　　And, you know, I don't think that much
17 prejudice will occur to Mr. Swartwood by having him
18 remain in the case during that short period of time.
19 　　　　　If nothing happens after 7 or 14 days,
20 Mr. Swartwood would be free to come back and say if that
21 be the case that extraordinary circumstances now exist
22 and he would like to withdraw his appearance.  I don't
23 think we are at that point yet.
24 　　　　　From the government's perspective it is very
25 useful to have somebody representing these entity

July 23, 2012

1 defendants who has actually entered his appearance in
2 this case.  It allows us somebody that we can formally
3 correspond with, if Mr. Biss decides not to get back to
4 us on particular issues, and it also provides someone
5 who is able to respond to pleadings in this court, if
6 need be.  That is the approach that we would recommend.
7 Accordingly, we ask the Court to deny the motion to
8 withdraw as counsel.
9           THE COURT:  Anything else, Mr. Swartwood,
10 today?
11          MR. SWARTWOOD:  Yes, Your Honor.  Briefly.  I
12 submit to the Court that my appearance thus far has not
13 aided the plaintiff at all and wouldn't do so going
14 forward.  I have a stack of documents of correspondence
15 between the plaintiff's counsel and Mr. Biss involving
16 discovery, getting interrogatories and getting
17 documents.  I have not been involved in that process at
18 all.  I can't produce any documents to him.  I don't
19 have any documents.  I can't arrange for depositions.  I
20 don't have contact or control over the clients.
21          I submit that my presence is not much better
22 than, not any better than having no lawyer at all for
23 these defendants.  I think that, Your Honor, is
24 extraordinary circumstances.
25          This is not a run of the mill case where a

7

1   client has retained our firm and we have had contact
2   with the client or communication with the client and
3   something simply has fallen through.  This is case where
4   I have never had any contact with these clients.  I
5   cannot represent them.  I cannot be an aid to the
6   plaintiff in communicating with these clients except
7   through Mr. Biss.  I don't think the Court can force
8   Mr. Biss to appear.
9           The fact of the matter is that the clients can
10  proceed.  They can't appear pro se, but the government
11  would have remedies, if these parties didn't produce
12  discovery or otherwise comply with court orders.
13          I think the only way to ensure that Mr. Biss,
14  if he is going to appear, will in fact appear, is if he
15  sees, and if the client sees, that I am going to be out
16  all together after a period of 14 days.
17          We ask that the Court grant the motion allowing
18  the clients 14 days to retain counsel, but whether they
19  retain counsel or not, our firm be withdrawn as counsel
20  of record.
21          THE COURT:  Thank you, counsel. I understand
22  the position of the parties in this matter.  I
23  understand the position that counsel is in for the
24  plaintiff as well as these defendants.
25          The Court is going to hold the motion to

8

July 23, 2012

1 withdraw in abeyance and continue this hearing until
2 August 6th at which time this hearing will reconvene.
3 Let me tell the attorneys this. I can conduct that by
4 telephone and would be happy to do that as a follow-up.
5 Unless you need to come to Knoxville, Mr. Rinaldi, for
6 some other reason, you might participate by telephone.
7 You as well, Mr. Swartwood.
8      Does anyone object to that?
9      MR. RINALDI: If Mr. Swartwood is going to
10 appear by telephone, I have no problem appearing by
11 telephone as well.
12      MR. SWARTWOOD: I can appear either way, Your
13 Honor. If counsel wants me to appear by telephone, I
14 would be happy to do so.
15      THE COURT: Why don't we set up a telephone
16 hearing for August 6th. Mr. Swartwood, can we set that
17 for 1:30 on that day?
18      MR. SWARTWOOD: Yes, sir.
19      THE COURT: Having said that, I see have
20 something else at 1:30.
21      How about let set that at 2:00. Would that
22 work?
23      MR. SWARTWOOD: Yes.
24      MR. RINALDI: Yes, Your Honor.
25      THE COURT: We'll take the matter in abeyance.

9

July 23, 2012

1  We'll hold the motion in abeyance, continue this hearing
2  until August 6th at 2:00. The parties will participate
3  by phone. Chambers will advise you how to do that.
4  Then the Court will rule on August the 6th based on what
5  actions, if any, occur between now and then regarding
6  Mr. Biss or any other counsel who are interested in this
7  matter.
8             (Court was recessed.)
9
10     I CERTIFY THAT THE FOREGOING IS AN ACCURATE
   TRANSCRIPT OF THE RECORD OF PROCEEDINGS IN THE
11 ABOVE-ENTITLED MATTER.
12
13
14
15
16
17
18
19
20
21
22
23
24
25

10