IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : No. 3:11-cv-00176 |
| AIC, INC. et al., | : |
| Defendants, | : |
| and | : |
| ALLIED BEACON PARTNERS, INC. (f/k/a Waterford Investor Services, Inc.) et al., | : |
| Relief Defendants. | : |

## REPLY BRIEF IN SUPPORT OF
## PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY

Despite their claims to the contrary, this motion is about plaintiff Securities and Exchange Commission's (the "Commission") attempt to gain access to thirteen boxes of documents in the AIC Defendants and the Relief Defendants' possession, which the Commission has identified and which the AIC Defendants and the Relief Defendants refuse to produce.[1] Because they have no explanation or excuse for this discovery failure, the Commission's Renewed Motion to Compel Discovery should be granted.

---

[1] The term "AIC Defendants" collectively refers to defendants AIC, Inc., Community Bankers Securities, LLC, and Nicholas D. Skaltsounis. The term "Relief Defendants" collectively refers to relief defendants Allied Beacon Partners, Inc. (f/k/a Waterford Investor Services, Inc.), Advent Securities, Inc., and Allied Beacon Wealth Management, LLC (f/k/a CBS Advisors, LLC).

## Relevant Background

Before filing its original Motion to Compel Discovery (Doc. 76), counsel for the Commission traveled to a Richmond, Virginia, apartment building at which the AIC Defendants and the Relief Defendants were storing approximately 200 boxes of their corporate and brokerage records. Previously, the Commission had served document requests on the AIC Defendants and the Relief Defendants, but the AIC Defendants and the Relief Defendants had refused to review the 200 boxes of documents for responsiveness.

Upon arriving at the Richmond apartment building, the Commission's counsel discovered that only some of the boxes were in a reviewable state, while others were practicably inaccessible. Nonetheless, the Commission's counsel reviewed what he could (marking certain boxes for copying) and scheduled a courier to pick up the boxes (so that they could be copied off-site and then returned). Because of the quantity of boxes involved, the courier needed to make at least two trips to the apartment building. While on the first trip he was able to pick up many of the boxes marked for copying, on his second trip he was denied access to the apartment building (and thus to the rest of the boxes the Commission's counsel had marked for copying).

The Commission's counsel met and conferred with the AIC Defendants and the Relief Defendants' counsel regarding the denial of access to the remaining boxes and other discovery issues, and, subsequently, the parties attended a telephone discovery conference with Judge Guyton, but the AIC Defendants still would not comply with their discovery obligations. Accordingly, on January 4, 2013, the Commission filed its original Motion to Compel Discovery (Doc. 76), seeking, inter alia, access to the previously marked boxes.

A hearing on the Motion to Compel Discovery was held before Judge Guyton, and, on March 5, 2013, Judge Guyton ordered the AIC Defendants and the Relief Defendants to make

2

available to the Commission the boxes that were being stored in Richmond. (Doc. 85.) The order encompassed all of the boxes being stored in Richmond; thus, it included both the boxes previously marked for copying and the boxes that could not be reviewed by the Commission's counsel because they were practicably inaccessible. According to the order, the Commission could remove the boxes from their location in Richmond to a place of the Commission's choosing, where the Commission's counsel could review them. (Doc. 85.) Judge Guyton also ordered the AIC Defendants and the Relief Defendants to "confirm, in writing, to Plaintiff on or before **March 15, 2013** that all requested documents in Defendant's possession, custody, or control have been produced or made available to Plaintiff." (Doc. 85 (emphasis in original).)

Before sending his courier back down to Richmond, the Commission's counsel wrote the AIC Defendants and the Relief Defendants' counsel to confirm that the boxes would be available for pickup and that they were still located in the same rooms of the apartment building as before (such that, inter alia, the boxes previously marked for copying could be located and retrieved). (Ex. 1.) Counsel for the AIC Defendants and the Relief Defendants responded and told the Commission's counsel that her client had informed her that the boxes had not been moved. (Ex. 2.)

But the boxes had been moved, and, inter alia, all of the boxes previously marked for copying could not be located when the courier made his visit. Counsel for the parties conferred further regarding the situation and, ultimately, counsel for the Commission sent counsel for the AIC Defendants and the Relief Defendants a May 8, 2013, letter identifying by number the still-missing boxes.[2] In that letter, the Commission's counsel also addressed the boxes the

---

[2] The boxes previously marked for copying were each conspicuously marked by the Commission with an identifying number. A copy of the Commission's counsel's letter was attached to the Commission's Renewed Motion to Compel Discovery as "Exhibit A." (Doc. 91.)

3

Commission had previously removed from the apartment building (which the Commission wanted to return to the AIC Defendants and the Relief Defendants) and requested that they make themselves available to receive such boxes. The AIC Defendants and the Relief Defendants never responded to the May 8 letter.

## Argument

Thus, for purposes of this Renewed Motion, there are four salient points:

- First, there are thirteen boxes (numbered 8, 17, 20, 23, 27, 30, 31, 32, 33, 34, 44, 51, and 52), which, despite the Commission's best efforts, it has not been able to retrieve from the Richmond apartment building.

- Second, the best way to resolve the current impasse is to have the AIC Defendants and the Relief Defendants locate those boxes (which are conspicuously marked with an identifying number) and to have their counsel contact the Commission's counsel when the boxes are ready for pickup. The Commission can then—consistent with Judge Guyton's order—retrieve the boxes, review the enclosed documents, and then return the boxes.

- Third, the AIC Defendants and the Relief Defendants should be required to take back the boxes the Commission already picked up and reviewed. There is no reason why the Commission should have to continue to be responsible for the storage of these boxes.

- Fourth, the AIC Defendants and the Relief Defendants should be required—now, presumably after they have taken the above steps—to provide the written confirmation required by Judge Guyton's March 5 order (Doc. 85).

The AIC Defendants and the Relief Defendants' response to the Renewed Motion to Compel Discovery dodges these issues. They say that the documents at issue were made available, but the Commission has identified thirteen boxes that have not been made available. The Commission has taken the steps outlined in Judge Guyton's order—it sent its courier to Richmond to retrieve the boxes. Although the AIC Defendants and the Relief Defendants, in

4

their response, suggest that the courier return again, no matter how many times the courier is sent to Richmond the problem of the apparently misplaced thirteen boxes will not be solved.

The reason the current situation exists is because of the AIC Defendants and the Relief Defendants' neglect and carelessness regarding their own documents. The best way forward is to have them find the thirteen boxes—wherever they might be in the apartment building—so that the Commission can retrieve them, review them, and return them. Because the boxes are theirs, they are in a better position to locate them than the Commission's Philadelphia-based counsel.[3]

## Conclusion

For all of the foregoing reasons, the Plaintiff's Renewed Motion to Compel Discovery should be granted.

Respectfully submitted,

Dated: June 28, 2013.

s/ Michael J. Rinaldi
G. Jeffrey Boujoukos
Michael J. Rinaldi
Scott A. Thompson

Attorneys for Plaintiff:

**SECURITIES AND EXCHANGE COMMISSION**
Philadelphia Regional Office
701 Market Street, Suite 2000
Philadelphia, Pa. 19106
Telephone: (215) 597-3100
Facsimile: (215) 597-2740
RinaldiM@sec.gov

---

[3] Since the filing of the Commission's Renewed Motion to Compel Discovery, the parties have conferred further regarding the situation. Although there is no reason why an agreement should not be able to be reached regarding these issues, given the stage of these proceedings and the fact that a previous order has already been entered regarding these discovery issues, the Commission believes it is most appropriate to reduce to an order the reasonable steps suggested in the Renewed Motion, so that this matter can be brought to a prompt conclusion.

5

# CERTIFICATE OF SERVICE

I hereby certify, this twenty-eighth day of June, 2013, that I served a true and correct copy of the foregoing Reply Brief in Support of Plaintiff's Motion to Compel Discovery, by the means indicated, upon the following:

>Heather G. Anderson, Esq.
>Reeves, Herbert & Anderson, P.A.
>Tyson Place, Suite 130
>2607 Kingston Pike
>Knoxville, Tenn. 37919
>(by the Court's electronic filing system)
>
>Steven S. Biss, Esq.
>300 W. Main St., Ste. 102
>Charlottesville, Va. 22903
>(by the Court's electronic filing system)
>
>Mr. John B. Guyette
>2559 53rd Avenue
>Greeley, Colo. 80634
>(by first-class mail, postage prepaid)
>
>Mr. John R. Graves
>4300 W. Francisco Road, Unit 11
>Pensacola, Fla. 32504
>(by first-class mail, postage prepaid)
>      and
>John Robert Graves, #79185-083
>Oakdale FDC
>P.O. Box 5010
>Oakdale, La. 71463
>(by first-class mail, postage prepaid)

>>s/ Michael J. Rinaldi
>>Michael J. Rinaldi