UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AIC, Inc., *et al.*, )<br>)<br>Defendants. ) | No. 3:11-CV-176<br>(VARLAN/GUYTON) |

## MEMORANUDM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. Now before the Court is a Renewed Motion to Compel Discovery [Doc. 91] filed by the Securities and Exchange Commission ("SEC"). The Motion to Compel is fully briefed and ripe for adjudication.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party may move the Court to enter an order compelling an inspection of documents, where a party has failed to permit such inspection. See Fed. R. Civ. P. 37(a)(3)(B)(iv). In the instant motion, the SEC moves the Court to enter an order directing the AIC Defendants to: (1) segregate, set aside, and make available boxes of documents previously marked for copying by counsel for the SEC; (2) certify that as to those boxes no documents have been inserted or removed; (3) further certify that the order of the documents and the condition of the boxes have not been altered or disturbed; (4) make themselves available, on reasonable notice and at a reasonable time, to receive those boxes to be returned by the Commission; and (5) provide a written confirmation of compliance with discovery obligations, as previously ordered by the Court.

The AIC Defendants have responded in opposition to the Renewed Motion to Compel stating that the boxes at issue were made available to the SEC's courier and that the SEC is in possession of many of the documents. The AIC Defendants state that the boxes and documents have not been altered or disturbed. Finally, the AIC Defendants represent that Mr. Skaltsounis is available to assist representatives of the SEC in retrieving and returning the documents. [Doc. 99].

The Court has reviewed all of the parties' filings [Docs. 91, 99, 100], along with the background of this discovery dispute [see Docs. 69, 70, 82, 85]. Based on this review, the Court finds that the Renewed Motion to Compel **[Doc. 91]** is well-taken, in part. It is, therefore, **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The SEC's request that the AIC Defendants segregate, set aside, and make available boxes of documents previously marked for copying by counsel for the SEC is **GRANTED**. The AIC Defendants shall locate the thirteen boxes that are at issue. These boxes shall be made available to the SEC, its counsel, or its designated agent at an agreed date and time no later than **August 5, 2013**. The boxes shall be made available at a reasonable location in Richmond, Virginia, and in a manner that does not pose any undue burden on the SEC or its agent in retrieving the boxes.

2. The parties will also agree to a date and time for the boxes to be returned and a reasonable location for returning the documents.

3. Mr. Skaltsounis will make himself available to assist representatives of the SEC in retrieving and returning the documents.

4. The SEC's request for certain certifications that the content of the boxes have not been altered is **DENIED**. Counsel has certified the same in the AIC Defendants' response.

This response, which is governed by Rule 11 of the Federal Rules of Civil Procedure, is a sufficient.

5. The request that the AIC Defendants provide a written confirmation of compliance with discovery obligations is **GRANTED**. As directed in the Court's previous Memorandum and Order [Doc. 85], the AIC Defendants, through counsel or appropriate agent, shall certify, in writing, that all requested documents in the Defendant's possession, control, or custody have been produced or made available to the SEC. This certification shall be filed on or before **August 9, 2013**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge