IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : No. 3:11-cv-00176 |
| AIC, INC. et al., | : |
| Defendants, | : |
| and | : |
| ALLIED BEACON PARTNERS, INC. (f/k/a Waterford Investor Services, Inc.) et al., | : |
| Relief Defendants. | : |

## OPENING BRIEF IN SUPPORT OF
## PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS

This emergency motion for sanctions is being filed because of the complete failure of the AIC Defendants and the Relief Defendants to comply in good faith with their discovery obligations and this Court's orders of March 5, 2013 (Doc. 85) and July 23, 2013 (Doc. 114).[1]

### Factual Backround

This case was filed in April 2011 (Doc. 1), and discovery commenced in January 2012 (Doc. 42). Trial is set for September 23, 2013. (Doc. 70.) There have been a number of delays in this case, caused by the actions of the AIC Defendants and the Relief Defendants, including

---

[1] The "AIC Defendants" are defendants AIC, Inc., Community Bankers Securities, LLC, and Nicholas D. Skaltsounis. The "Relief Defendants" are relief defendants Allied Beacon Partners, Inc. (f/k/a Waterford Investor Services, Inc.), Advent Securities, Inc., and Allied Beacon Wealth Management, LLC (f/k/a CBS Advisors, LLC).

their repeated failure to comply with their discovery obligations, which has been the subject of previous filings by the Commission. (E.g., Docs. 67, 68, 76, 77, 80, 91, 92, 113.)

In short, on March 5, 2013, the Honorable H. Bruce Guyton ordered the AIC Defendants and the Relief Defendants to allow the Commission to move certain boxes of documents that were in the AIC Defendants' and the Relief Defendants' possession to a place of the Commission's choosing so that the Commission could review them. (Doc. 85.) The Court also ordered that it be confirmed "in writing, to Plaintiff on or before **March 15, 2013**, that all requested documents in the Defendant's possession, control, or custody have been produced or made available to Plaintiff." (Doc. 85 (emphasis in original).)

The AIC Defendants and the Relief Defendants did not comply with the March 5 order, which necessitated the filing by the Commission of a Renewed Motion to Compel Discovery. (Doc. 91.) On July 23, 2013, Judge Guyton issued an order requiring: (1) defendants to locate thirteen boxes of documents identified by the Commission and to make them available to the Commission, its counsel, or its designated agent at an agreed upon date and time no later than August 5, 2013; (2) the parties to agree to a date and time for boxes of documents in the Commission's possession to be returned to the AIC Defendants and the Relief Defendants; (3) defendant Skaltsounis to make himself available to assist representatives of the Commission in retrieving and returning the documents; and (4) the filing of a certification of compliance by August 9, 2013.

On July 26 and 30, 2013, the Commission's counsel wrote Steven S. Biss, Esquire, counsel for the AIC Defendants and the Relief Defendants, inquiring when the Commission could pick up the thirteen boxes previously identified (which were marked by the Commission with labels bearing unique numbers) and return those boxes of his clients' documents that were

2

in the Commission's possession. (7/30/2013 Letter from Scott A. Thompson, Esq., to Steven S. Biss, Esq. (attached as Ex. A) (referring to prior correspondence of 7/26/2013).) Both of these letters went ignored.

Then, at 4:54 p.m. on August 5, 2013, Mr. Biss sent an e-mail message to the Commission's counsel (attached as Ex. B) announcing that, on July 29, 2013—a week earlier—his clients had completed a search for the boxes but could not find them, saying "[n]one appear marked with any of the SEC's numbers." This e-mail message is inadequate and does not constitute compliance with the Court's July 23 order for at least the following reasons:

First, the Court—on July 23—ordered the AIC Defendants and the Relief Defendants to make the documents available by August 5. The Commission's counsel promptly inquired when its courier could pick up the documents, by way of letters dated July 26 and July 30. Ignoring those letters and then sending an e-mail message *six minutes before the close of business* on the date by which compliance was to be completed does not constitute good faith. Thus, Mr. Biss's statement that defendant Skaltsounis is "prepared to assist" the Commission regarding the documents is meaningless. If he and his clients were really willing to assist in good faith, then they would have responded to the Commission's counsel's letters of last month—they would not have waited until 4:54 p.m. on August 5 to start the process of making arrangements.

Second, *by Mr. Biss's own admission*, whatever search his clients did for the boxes was completed on *July 29, 2013*. (8/5/2013 E-Mail Message from Steven S. Biss, Esq., to Michael J. Rinaldi, Esq. (attached as Ex. B).) Yet, Mr. Biss waited a week—until six minutes before the close of business on the day by which compliance was to be completed—to tell the Commission's counsel about the failure to locate the boxes.

3

Third, Mr. Biss's e-mail message tells a different story than what has previously been represented to the Court. For instance, in the AIC Defendants and Relief Defendants' response to the Commission's Renewed Motion to Compel Discovery, the AIC Defendants and the Relief Defendants stated that "Mr. Skaltsounis has been and remains willing to assist plaintiff's courier in retrieval of the remaining documents . . . ." (Doc. 99, ¶ 10.) By the time this response was filed, it was clear that the Commission wanted access to thirteen specific boxes of documents. If the AIC Defendants and the Relief Defendants did not have the boxes (or thought they did not have the documents), why not just say so? Alternatively, if, by that time they had not confirmed what boxes they had, then why not? After all, the Commission had been inquiring about the boxes since at least March 2013 (Ex. C) and had identified by number the boxes in question in a letter to defense counsel dated May 8, 2013 (Ex. D).

Fourth, in addition to having the boxes catalogued by number, the Commission staff also has other identifying information about the boxes in question, including the type of files involved or the identifying information that the AIC Defendants and the Relief Defendants apparently wrote on the boxes themselves. Thus, although using the Commission's number labels would be the easiest way to identify the boxes in question, if those labels had been removed or could not be located, then presumably the preexisting, handwritten descriptions of the contents of the boxes (written prominently on the boxes themselves) could have been used to identify the boxes in question. Indeed, had Mr. Biss called the Commission's counsel and informed him that the number labels could not be located, the Commission's counsel would have worked with him to locate the boxes by these other means. But, instead of complying in good faith with their discovery obligations and the Court's order of July 23, the AIC Defendants and the Relief

4

Defendants ignored two letters from the Commission's counsel and first informed the Commission's counsel of any inkling of a problem at 4:54 p.m. on August 5.

<u>Finally</u>, the photographs attached to Mr. Biss's e-mail message of August 5 are not helpful to his clients' position. As depicted in the photographs, the documents are stored, at best, haphazardly, in boxes that are busting at the seams and otherwise in poor quality. In this regard, it is noteworthy that the best that Mr. Biss can say about the subject—given the condition of his own clients' documents—is that "[n]one ***appear*** marked with any of the SEC's numbers." (Ex. B (emphasis added).)

## **Argument**

Trial is set for September 23, 2013. The AIC Defendants and the Relief Defendants have known about these document issues for several months. Even after the Court issued an order on the Commission's Renewed Motion to Compel, the best that the AIC Defendants and the Relief Defendants can provide is more obfuscation and more delay. An award of sanctions under Rule 37 is appropriate. In particular, the AIC Defendants and the Relief Defendants should be ordered to comply with the Court's prior order of July 23, and an entry of monetary sanctions should be entered against the AIC Defendants and the Relief Defendants—and such other and further relief as the Court deems just and appropriate should be entered.

## Conclusion

For all of the foregoing reason's the Plaintiff's Emergency Motion for Sanctions should be granted.

Respectfully submitted,

Dated: August 6, 2013.

s/ Michael J. Rinaldi
G. Jeffrey Boujoukos
Michael J. Rinaldi
Scott A. Thompson

Attorneys for Plaintiff:

**SECURITIES AND EXCHANGE COMMISSION**
Philadelphia Regional Office
701 Market Street, Suite 2000
Philadelphia, Pa. 19106
Telephone: (215) 597-3100
Facsimile: (215) 597-2740
RinaldiM@sec.gov

6

## CERTIFICATE OF SERVICE

I hereby certify, this sixth day of August, 2013, that I served a true and correct copy of the foregoing Opening Brief in Support of Plaintiff's Emergency Motion for Sanctions, by the means indicated, upon the following:

       Heather G. Anderson, Esq.
       Reeves, Herbert & Anderson, P.A.
       Tyson Place, Suite 130
       2607 Kingston Pike
       Knoxville, Tenn. 37919
       (by the Court's electronic filing system)

       Steven S. Biss, Esq.
       300 W. Main St., Ste. 102
       Charlottesville, Va. 22903
       (by the Court's electronic filing system)

       Mr. John B. Guyette
       2559 53rd Avenue
       Greeley, Colo. 80634
       (by first-class mail, postage prepaid)

       Mr. John R. Graves
       4300 W. Francisco Road, Unit 11
       Pensacola, Fla. 32504
       (by first-class mail, postage prepaid)
          and
       John Robert Graves, #79185-083
       Oakdale FDC
       P.O. Box 5010
       Oakdale, La. 71463
       (by first-class mail, postage prepaid)

                                      s/ Michael J. Rinaldi
                                      Michael J. Rinaldi