IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : No. 3:11-cv-00176 |
| AIC, INC. <u>et al.</u>, | : |
| Defendants, | : |
| and | : |
| ALLIED BEACON PARTNERS, INC. (f/k/a Waterford Investor Services, Inc.) <u>et al.</u>, | : |
| Relief Defendants. | : |

## REPLY BRIEF IN SUPPORT OF
## PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS

In their response to the Commission's Emergency Motion for Sanctions, the AIC Defendants and the Relief Defendants dismiss letters from the Commission's counsel as "disingenuous" and written merely "to create a record." (Response ¶ 5.) Their position regarding communications from the Commission's counsel is regrettable, because much of where we currently are is due to defense counsel's (and his clients') failure to treat these communications—and the clients' discovery obligations—seriously.

The fact is that the AIC Defendants and the Relief Defendants refused to review their own documents for responsiveness and to produce copies thereof. That refusal necessitated a two-day trip to Richmond, Virginia, by the undersigned counsel and a Commission paralegal to review the AIC Defendants and the Relief Defendants' documents. During that trip, the Commission's counsel marked responsive documents for copying and made arrangements for a

courier to pick up the boxes. But, because of the number of boxes involved, the courier needed to make two trips to the apartment building at which the documents were being kept. On the second trip, the courier was refused entry to the building and was not able to pick up the remaining documents.

Despite the Commission's best efforts to resolve this issue and to gain access to the documents it had marked for copying, the AIC Defendants and the Relief Defendants refused to comply with their discovery obligations. That refusal necessitated the filing of the Commission's first motion to compel discovery. (Doc. 76.) On March 5, 2013, the Court ordered the AIC Defendants and the Relief Defendants to, inter alia, make those documents available to the Commission staff. (Doc. 85.)

In advance of sending its courier to Richmond to retrieve the previously marked documents (in compliance with the Court's March 5 order), the Commission's counsel wrote defense counsel to confirm, inter alia, that "the documents from the unfinished cellar room that were previously identified for copying by the Commission staff—and to which the Commission's courier was previously denied access—have remained in place, in the same location, and in the same condition as when the Commission staff last visited the apartment building." (3/28/2013 Letter from Michael J. Rinaldi, Esq., to Defense Counsel (attached as Ex. A).)

This letter wasn't written merely "to create a record," and it wasn't "disingenuous." The Commission's counsel wanted to make sure that the previously marked documents were readily available to the Commission's courier upon his arrival at the Richmond apartment building. Defendant Skaltsounsis—apparently without actually checking—confirmed through his lawyer that all of the boxes were in place. (Emergency Mot. Ex. C.) That representation by defendant

2

Skaltsounis—not to mention his failure to maintain any kind of meaningful control over his own documents—proved very costly and time-consuming for the Commission. The Commission's courier was not able to retrieve all of the documents during that trip, and the Commission's counsel had to further press defense counsel for documents that the Court had ordered produced through its order of March 5.

Among other things, the Commission's counsel, on May 8, wrote defense counsel, specifically identifying by number the boxes that were still outstanding. (Emergency Mot. Ex. D.) That letter went ignored, which necessitated the filing, on May 24, of a renewed motion to compel discovery. (Doc. 91.) On June 18, the AIC Defendants and Relief Defendants filed a late response to the Commission's renewed motion to compel. (Doc. 99.) In that response, the AIC Defendants and the Relief Defendants did not take the position that they did not know what documents the Commission was referring to or that they could not find number labels. Rather, they contended that an order compelling discovery should not be entered because the documents at issue were readily available for pickup by the Commission's courier.

In response to the Commission's renewed motion to compel discovery, the Court entered a July 23 order, which, <u>inter alia</u>, required, by August 5, the AIC Defendants and the Relief Defendants to segregate, set aside, and make available the boxes at issue. (Doc. 114.) The Commission's counsel then wrote two letters (dated July 26 and 30) to defense counsel inquiring when the documents could be picked up (as well as when boxes in the Commission's possession could be returned). Both letters went ignored. Importantly, whatever search defendant Skaltsounis had done for the boxes had been completed by the time the second letter was sent. But, instead of telling the Commission's counsel about the apparent difficulty in locating the boxes, defense counsel ignored the July 30 letter, preferring to wait until 4:54 p.m. on August 5

3

to tell the Commission's counsel about the search his client had conducted a week earlier. This conduct—including the AIC Defendants' and the Relief Defendants' failure to comply with their discovery obligations and two prior orders of this Court—necessitated the filing of the instant Emergency Motion for Sanctions.

The bottom line is that the present situation was caused by the AIC Defendants' and the Relief Defendants' failure to maintain any kind of meaningful control over their own documents, their failure to comply with the orders of this Court (including the deadlines set forth therein), and their failure to cooperatively engage with counsel for the Commission on discovery issues. The AIC Defendants and the Relief Defendants have known about their duties with respect the boxes at issue since at least early March, and the Commission's counsel gave defense counsel a list of boxes (by number) in early May.

It is simply inexcusable that—in mid-August, less than forty-five days before trial—the Commission is left with nothing more than defendant Skaltsounis's statement that he is now "prepared to assist." (Emergency Mot. Ex. B.) The discovery rules, as well as this Court's prior orders, require much more than this—and required it much sooner.

Respectfully submitted,

Dated: August 13, 2013.

s/ Michael J. Rinaldi
G. Jeffrey Boujoukos
Michael J. Rinaldi
Scott A. Thompson

Attorneys for Plaintiff:

**SECURITIES AND EXCHANGE COMMISSION**
Philadelphia Regional Office
701 Market Street, Suite 2000
Philadelphia, Pa. 19106
Telephone: (215) 597-3100
Facsimile: (215) 597-2740
RinaldiM@sec.gov

4

# CERTIFICATE OF SERVICE

I hereby certify, this thirteenth day of August, 2013, that I served a true and correct copy of the foregoing Reply Brief in Support of Plaintiff's Emergency Motion for Sanctions, by the means indicated, upon the following:

> Heather G. Anderson, Esq.
> Reeves, Herbert & Anderson, P.A.
> Tyson Place, Suite 130
> 2607 Kingston Pike
> Knoxville, Tenn. 37919
> (by the Court's electronic filing system)
>
> Steven S. Biss, Esq.
> 300 W. Main St., Ste. 102
> Charlottesville, Va. 22903
> (by the Court's electronic filing system)
>
> Mr. John B. Guyette
> 2559 53rd Avenue
> Greeley, Colo. 80634
> (by first-class mail, postage prepaid)
>
> Mr. John R. Graves
> 4300 W. Francisco Road, Unit 11
> Pensacola, Fla. 32504
> (by first-class mail, postage prepaid)
>     and
> John Robert Graves, #79185-083
> Oakdale FDC
> P.O. Box 5010
> Oakdale, La. 71463
> (by first-class mail, postage prepaid)

>> s/ Michael J. Rinaldi
>> Michael J. Rinaldi