UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SECURITIES AND EXCHANGE COMMISSION, )
                                                          )
        Plaintiff,                        )
                                                   )    No. 3:11-CV-176
v.                                                     )    (VARLAN/GUYTON)
                                                   )
AIC, Inc., *et al.*,                    )
                                                   )
        Defendants.               )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. Now before the Court is an Emergency Motion for Sanctions [Doc. 114], filed by the Securities and Exchange Commission ("SEC"). The Motion to Compel is fully briefed and ripe for adjudication. Counsel for the SEC and AIC Defendants[1] appeared before the undersigned telephonically on August 14, 2013, to address the Emergency Motion for Sanctions. For the reasons more fully stated on the record, the Emergency Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**.

Since at least November 2012, the Court has repeatedly addressed the parties' document production issues. [See Doc. 70]. On March 5, 2013, the Court entered a Memorandum and Order [Doc. 85], specifically addressing the boxes of documents stored by Defendant Skaltsounis in Richmond, Virginia, and stating:

> [T]he Court **ORDERS** that the Plaintiff be allowed to move all of the boxes to a location of the Plaintiff's choosing, where the Plaintiff can review the documents as it sees fit, and then return

---
[1] Notice of this telephonic hearing was mailed to Defendants John B. Guyette and John Graves, who are proceeding *pro se*, but neither Mr. Guyette nor Mr. Graves participated in the call.

> them. The Court finds that this is the most effective way to ensure
> that the Plaintiff is provided full access to all stored items. Parties
> [are] to coordinate arrangements as soon as possible.

[Doc. 85 at 2].

The Plaintiff alleged that it was not afforded the access to the boxes ordered by the Court,[2] and on July 23, 2013, the undersigned entered another Memorandum and Order. In the second Memorandum and Order, the Court held:

> The SEC's request that the AIC Defendants segregate, set aside, and make available boxes of documents previously marked for copying by counsel for the SEC is **GRANTED**. The AIC Defendants shall locate the thirteen boxes that are at issue. These boxes shall be made available to the SEC, its counsel, or its designated agent at an agreed date and time no later than **August 5, 2013**. The boxes shall be made available at a reasonable location in Richmond, Virginia, and in a manner that does not pose any undue burden on the SEC or its agent in retrieving the boxes.

[Doc. 114 at 2]. In addition, the Court held:

> The request that the AIC Defendants provide a written confirmation of compliance with discovery obligations is **GRANTED**. As directed in the Court's previous Memorandum and Order [Doc. 85], the AIC Defendants, through counsel or appropriate agent, shall certify, in writing, that all requested documents in the Defendant's possession, control, or custody have been produced or made available to the SEC. This certification shall be filed on or before **August 9, 2013**.

[Id.]. Notwithstanding these orders and directions, the boxes and/or their contents have not come into the possession of the Plaintiff, and the AIC Defendants have not filed a confirmation of compliance.

In the Emergency Motion for Sanctions and its accompanying Memorandum, the Plaintiff moves the Court to order the AIC Defendants to comply with the Memorandum and Order entered July 23, 2013, and to enter an award of monetary sanctions against the AIC Defendants.

---

[2] Counsel for the AIC Defendants asserted at the hearing that access to the documents has never been denied to the SEC's courier. The Court cannot resolve this factual dispute without an evidentiary hearing.

[Doc. 116 at 5]. At the hearing, counsel for the SEC identified four specific forms of relief sought: (1) Defendant Skaltsounis be ordered to compose an inventory reporting the descriptions of the boxes that are still in Richmond; (2) the Court modify certain pretrial deadlines; (3) the Court preclude use of evidence; and (4) the Court award monetary sanctions.

Counsel for the AIC Defendants agreed that Mr. Skaltsounis could compose an inventory reporting the descriptions of the boxes that are still in Richmond. As an alternative, counsel for the AIC proposed that a courier for the SEC could pick up all of the remaining boxes as early as the following day. Counsel stated that Mr. Skaltsounis has represented to him that the boxes that remained in Richmond were left exactly where they were left by the SEC's agents after their initial visit and that he saw no markings on/in the boxes.

The Court has considered the parties' positions, the lengthy history of this dispute, the age of this case, and the trial date of September 23, 2013. The Court finds that the SEC should be afforded some of the relief requested, and therefore, the Emergency Motion for Sanctions **[Doc. 115]** will be **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The SEC's request to extend certain pretrial deadlines is **GRANTED**. The SEC shall have up to and including:

    a. **August 23, 2013**, in which to file a supplemental witness list;

    b. **August 30, 2013**, in which to file its exhibit list; and

    c. **September 6, 2013**, in which to file any motions *in limine*.

2. The SEC's request for an inventory is **GRANTED**. Mr. Skaltsounis shall immediately compose an inventory reporting the descriptions of the boxes that are still in Richmond. If it is more practical to email photos of the boxes, including photos of the general

3

contents of the boxes, to counsel for the SEC, Mr. Skaltsounis may use photos as part of the inventory.

3. The SEC shall make arrangements to pick up any and all boxes that it desires to review *as soon as practicable*. If the inventory of the boxes is not finished before the time at which the SEC elects to pick up the boxes, the SEC shall have the option of foregoing the inventory in favor of taking possession of the boxes and documents for copying. The Court expects that the SEC will send an agent – whether it be a paralegal or an attorney – to accompany the courier transporting the boxes, so that the SEC can exercise its knowledge of this case and discretion in determining what boxes are to be taken. The AIC Defendants should insure that there is no impediment at the building where the documents are stored that would prevent the SEC from obtaining the desired boxes/documents.

4. The Court declines to make any rulings regarding the preclusion of evidence in this case. The Court notes, however, that the discovery deadline in this case has expired. [See Doc. 41 at 3]. Thus, with the exception of the documents that are to be produced pursuant to this Memorandum and Order, any evidence that has not already been produced in discovery in this case is likely precluded from use at trial. If the AIC Defendants do not produce the documents at issue in this Memorandum and Order to the SEC before **August 20, 2013**, the AIC Defendants may be precluded from using any of these documents at trial and additional sanctions will likely be imposed.

5. The Court also declines to impose any monetary or other sanctions at this time. As more fully explained below, however, the Court will not hesitate to do so in the future, if the

4

AIC Defendants have not turned the boxes/documents at issue over to the SEC on or before **August 20, 2013**.

The Court clarifies that this Memorandum and Order will be the last order in which the Court addresses this issue as a discovery-production problem. If these boxes/documents are not produced to the SEC in a manner consistent with the Court's ruling and consistent with the oral and written representations that have been made to the Court, the Court will address this matter as an issue of determining appropriate sanctions under Rule 37. Consistent with the Court's comments at the hearing, the next step in resolving this dispute, if it persists, will be an evidentiary hearing to determine the veracity of the representations made to the Court and to determine appropriate sanctions.

The Courts of the Eastern District of Tennessee will not tolerate ongoing discovery abuses from any party and will not hesitate to impose severe sanctions for ongoing violations where appropriate. See Stooksbury v. Ross, No. 3:09-CV-498, 2012 WL 262888, 2012 WL 523668 (E.D. Tenn. Jan. 30 & Feb. 16, 2012) (Varlan, J.), *aff'd* Stooksbury v. Ross, Nos. 12–5739, 12–6042, 12–6230, 2013 WL 2665596 (6th Cir. June 13, 2013). The Court **ADMONISHES** the AIC Defendants that failure to comply with this Memorandum and Order or any other order of the Court may result in the Court imposing sanctions up to and including the undersigned recommending **entry of a default judgment** pursuant to Rule 37 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 37(b).

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge

5