IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : No. 3:11-cv-00176 |
| AIC, INC. <u>et al.</u>, | : |
| Defendants, | : |
| and | : |
| ALLIED BEACON PARTNERS, INC. (f/k/a Waterford Investor Services, Inc.) <u>et al.</u>, | : |
| Relief Defendants. | : |

**PLAINTIFF'S OPPOSITION TO THE AIC DEFENDANTS' AND RELIEF
DEFENDANTS' MOTION TO RECONSIDER AND/OR CLARIFY**

On September 12, 2013, this Court entered a Memorandum Opinion & Order (the "Opinion") granting in its entirety the partial summary judgment motion of plaintiff Securities and Exchange Commission (the "Commission"). In a thorough forty-page opinion, the Court narrowed the issues for trial in finding the defendants had not met their burden of supplying factual evidence to support their numerous affirmative defenses – including those based on the advice of counsel and argued exceptions to the registration requirements of the federal securities laws. Without a single citation to this Court's opinion, defendants now move to reconsider these rulings, as well as the ruling of contingent liability with regard to the relief defendants.[1] They base their motion on recycled and rejected arguments – some literally cut and pasted from prior

---
[1] Notably, the defendants do not move to reconsider the Court's ruling that the estoppel, waiver, and unclean hands defenses should be stricken.

1

filings. Because they cannot meet this Circuit's standard for reconsideration, and because their arguments fail as a matter of law, their motion should be denied.[2]

## ARGUMENT

I. **THE HIGH STANDARD OF RECONSIDERATION.**

Defendants fail to cite the rule or rules pursuant to which they bring their motion for reconsideration. Similarly, they fail to cite to a single case concerning the standards that govern the evaluation of their motion. For this reason, the Commission addresses the standards under both Federal Rule of Civil Procedure 59(e) and 60(b). Defendants can meet neither standard.

A motion for reconsideration based on Rule 59(e) may only be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." GenCorp v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted); see also Summer v. Cunningham, No. 3:10-cv-169, 2011 WL 1811134,*1 (E.D. Tenn. May, 12, 2011) (rejecting motion for reconsideration of summary judgment decision) (quoting Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007)). Each of these bases is difficult to establish. For example, "[t]o constitute 'newly discovered evidence,' the evidence must have been previously unavailable." Gencorp, 178 F.3d at 834. Moreover, a party cannot use such a motion to "raise new legal arguments that could have been raised before a judgment was issued." Cunningham, 2011 WL 1811134 at *1. Nor can a party "simply . . . reargue its prior position in the hope that the court will change its mind." Al-Sadoon v. FISI*Madison Fin. Corp., 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002).

A motion for reconsideration based on Rule 60(b) imposes a similarly high hurdle – that defendants cannot surmount. Rule 60(b) provides that a party may obtain relief on the basis of

---

[2] For purposes of brevity, we will not re-argue all of the points raised in support of our initial motion, but rather incorporate those arguments as if fully set forth herein.

2

"mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence" or where there is "fraud, or other misconduct by the opposing party." Fed. R. Civ. P. 60(b).

Thus, a motion to reconsider under Rule 60(b) similarly asks the Court to "correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." See Madden v. Chattanooga City Wide Serv. Dep't, No. 1:06-CV-213, 2007 WL 2156705, at *3 (E.D. Tenn. July 25, 2007) (quotation omitted). As a court in this district recently noted, "such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances." Ballanger v. City of Chattanooga Police Dep't, 2013 U.S. Dist. LEXIS 122304, *5 (E.D. Tenn. Aug. 28, 2013) (citing McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 502-03 (6th Cir. 2000)).[3] As shown below, defendants cannot meet these standards.

## II. DEFENDANTS CANNOT MEET THEIR BURDEN WITH RESPECT TO THE ADIVCE OF COUNSEL DEFENSE.

Defendants concede, as they must, that to establish the affirmative defense of advice of counsel, they have the burden of establishing that they (1) made a complete disclosure to counsel; (2) requested counsel's advice as to the legality of the contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice. See Defs. Mem. at 2. However, they fail to address this Court's conclusion, based on a thorough review of the

---

[3] Because there is no particular rule of civil procedure that explicitly references reconsideration of summary judgment, some courts treat such motions as motions to reconsider an interlocutory order, especially where the grant of the motion for partial summary judgment has not been reduced to a judgment. Of course, that standard is no more favorable for the defendants. "Courts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. Ingram Barge Co. v. Century Aluminum of W. Va., Inc., 2012 U.S. Dist. LEXIS 127989, *8 (M.D. Tenn. Sept. 10, 2012) (citing Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009)).

3

evidence presented at summary judgment, that "the AIC defendants have not presented evidence that they can sustain that burden." Opinion at 20.

Defendants now argue that, based on an interrogatory response, they can somehow meet that burden "at trial." Of course, they identify no witness to support that assertion. And this Court has already concluded that such evidence is not found in the testimony of any of the eight AIC employees and officers cited by the Commission. See Opinion at 19 (noting that none could testify that "Grant or Troutman Sanders gave specific legal advice with regard to the offerings at issue in this case") Nor could such evidence be supplied by Skaltsounis, who the Court noted "could not recall any specific recommendations provided by Grant or Troutman Sanders" with regard to documents provided to investors. Opinion at 18-19. Moreover, the Court similarly noted that "Skaltsounis testified that Grant never provided guidance on verbal disclosure, other than stating what disclosures were required." Id.

Predictably, defendants simply rehash their argument that because Grant was a board member, documents such as board minutes, promissory notes, Reg D filings, or others somehow support their defense. Despite the Court's opinion, they still do not identify the specific legal advice rendered in any document or any document that seeks legal advice. In the Opinion, the Court noted that despite their arguments that they had relied on Grant and his status an "expert in securities matters," "the AIC defendants have failed to present evidence as to what advice Grant gave the board, after being asked for specific advice and being fully informed of a given issue." Opinion at 19. Nothing in the reconsideration motion challenges these rulings.

Quite simply, despite their third attempt at doing so – in opposing summary judgment, in their "trial brief", and again in their motion for reconsideration, defendants can still point to no witnesses, and no documents (let alone "new" evidence witnesses or documents) that contain any

4

evidence of legal advice being sought or given on any of the material issues in this case. Nor do they challenge any of the legal conclusions by the Court. For these reasons, the Court's opinion was well-founded, defendants' cannot meet the standard for reconsideration, and the motion should be denied.

### III. DEFENDANTS CANNOT MEET THEIR BURDEN UNDER SECTION 5.

With respect to the Section 5 claim, defendants recycle their prior failed arguments that are based on fundamental misunderstandings of their burden at this stage of the litigation and the concept of an exempt offering.

Defendants argue –without citation – that they "are not required to prove their Regulation D exemption affirmative defense in response to a motion for summary judgment." Defs. Mem. at 8. Instead, they claim that it is the SEC's burden to offer evidence as to each investor that would foreclose the exemption. Id. But defendants have it backwards. As this Court made clear in the Opinion, it is *defendants*' burden to establish the exemption, and to do so, the *defendants* are required to establish evidence as to *each investor*. Relying upon the Sixth Circuit Court of Appeal's decision in Mark v. FSC Securities Corporation, the Court wrote:

> "In order to come within the Rule 506 safe harbor, [the issuer] is required to offer evidence of the issuer's reasonable belief as to the nature of *each* purchaser." Mark, 870 F.2d at 335; see also SEC v. Credit First Fund, LP, No. CV05- 8741 DSF, 2006 U.S. Dist. LEXIS 96697, 2006 WL 4729240, at *12 (C.D. Cal. Feb. 13, 2006) ("The party claiming the exemption must show that it is met not only with respect to each purchaser, but also with respect to each offeree.") (quoting SEC v. Murphy, 626 F.2d 633, 644-45 (9th Cir. 1980)).

Opinion at 29 (emphasis in original). That case makes clear that the failure of a defendant to offer evidence regarding how the requirements of the exemption are met as to each and every

5

investor "may be fatal to [the defendant's] claimed exemption." Mark v. FSC Sec. Corp., 870 F.2d 331, 344-45 (6th Cir. 1989).

Defendants *concede* that they cannot establish the exemption as to each investor. They go so far as to admit that, "The AIC Defendants do not challenge the Court' ruling as to Jovena Daniel and Clarice Newman" as unaccredited investors. Defs. Mem. at 8. This admission alone forecloses any claim of exemption.

The safe harbor of Section 506 is narrow and precise. An exempt offering under Section 506, which is relied upon here, is one in which *all* investors are accredited or all unaccredited investors receive the required information. Defendants cannot meet their burden by establishing even that "the vast majority" of their investors were accredited. Defs. Mem. at 10.[4] That is insufficient. See 17 C..F.R. §230.502(a) (noting that "All sales that are part of the same Regulation D offering must meet all of the terms and conditions of Regulation D.") Because defendants cannot establish the elements of the exemption as to each investor, the exemption is not available and the entire offering violated Section 5.

The Court found that "the AIC defendants have not presented any evidence creating a genuine issue of material fact as to their having met the conditions of Rule 230.506 for each investor, and the SEC has presented affirmative evidence showing the unavailability of the safe harbor, the Court concludes that the sales of AIC securities were not exempt under Regulation D." Opinion at 34-35. Defendants' motion for reconsideration does nothing to overcome this finding. They still cannot establish the exemption for "each investor" and attaching documents for investors who may be accredited is simply immaterial. Defendants cannot meet their burden,

---

[4] Of course, even the exhibits attached to their motion for reconsideration, which relate to less than 35 non-insider investors, do not establish that the vast majority of their investors were accredited.

6

and the motion for reconsideration of the finding of defendants' liability under Section 5 should be denied.

## IV.     THE RELIEF DEFENDANTS ARGUMENTS SHOULD BE REJECTED.

Relief defendants state that there is "no dispute that years upon years of 'services' were performed by hundreds of hard working officers and employees of CB Securities and Waterford, including Nicholas Skaltsounis, in return for the capital contributions made by AIC" and thus argue that they had a legitimate claim to even the proceeds of a fraud conducted by AIC. Defs. Mem. at 10. They further suggest the dispute concerns whether the relief defendants "enhanced shareholder value." Id. Both statements are wrong.

The relief defendants have already contended that the subsidiaries had provided "services" to AIC in the form of growing their business. The Court rejected this argument and further rejected the contention that an increase in "shareholder value" would be sufficient to avoid liability. What matters is whether any consideration was provided for the monies transferred. See, e.g., SEC v. Cavanagh, No. 98 Civ. 1818DLC, 2004 WL 1594818, *32 (S.D.N.Y. July 16, 2004) ("When there has been no consideration given for the receipt of the ill-gotten gains, there is no legitimate claim to the funds and a relief defendant must return the proceeds.").

In rejecting the relief defendants' arguments, the Court considered the expert opinion of Professor Stevens, along with deposition testimony from the corporate representatives of each of the relief defendants (including Skaltsounis) that showed that none of the services provided by the subsidiaries were in any way tied to the capital contributions. Opinion at 38-39. Moreover, the Court noted that AIC's ownership interests did not change from these contributions. Id. at 39. Instead, any benefit to AIC was as a "direct result of AIC's ownership interest, rather than as

7

consideration for the funds received." Id.  But more importantly, instead of simply relying on arguments from the Commission, the Court concluded that "the relief defendants have not presented *any evidence* that the contributions received here involved the exchange of benefits and detriments which serves as consideration to create an independent ownership interest in the received funds." Id. (emphasis added).  Nothing in the motion for reconsideration even addresses this finding or the applicable law.  Again, the relief defendants present no new evidence, cite no cases, and present no new arguments that would meet their high burden at this stage of the litigation.  The motion for reconsideration should be denied.

## **CONCLUSION**

For all of the foregoing reasons, the motion for reconsideration should be denied.

Respectfully submitted,

Dated:  September 18, 2013.  s/ Michael J. Rinaldi
G. Jeffrey Boujoukos
Michael J. Rinaldi
Scott A. Thompson

Attorneys for Plaintiff:

**SECURITIES AND EXCHANGE COMMISSION**
Philadelphia Regional Office
701 Market Street, Suite 2000
Philadelphia, Pa.  19106
Telephone:  (215) 597-3100
Facsimile:  (215) 597-2740
RinaldiM@sec.gov

## **CERTIFICATE OF SERVICE**

I hereby certify, this 18th day of September, that I served a true and correct copy of the foregoing response to defendants' motion for reconsideration, by the means indicated, upon the following:

>Heather G. Anderson, Esq.
>Reeves, Herbert & Anderson, P.A.
>Tyson Place, Suite 130
>2607 Kingston Pike
>Knoxville, Tenn. 37919
>(by the Court's electronic filing system)
>
>Steven S. Biss, Esq.
>300 W. Main St., Ste. 102
>Charlottesville, Va. 22903
>(by the Court's electronic filing system)

>s/ Michael J. Rinaldi
>Michael J. Rinaldi