UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SECURITES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AIC, INC., COMMUNITY BANKERS )<br>SECURITIES, LLC, and )<br>NICHOLAS D. SKALTSOUNIS, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>ALLIED BEACON PARTNERS, INC., )<br>(f/k/a Waterford Investment Services, Inc.), )<br>ADVENT SECURITIES, INC., and ALLIED )<br>BEACON WEALTH MANAGEMENT, LLC )<br>(f/k/a CBS Advisors, LLC), )<br>)<br>Relief Defendants. ) | No.: 3:11-CV-176<br>(VARLAN/GUYTON) |

## **ORDER**

This matter is before the Court on the AIC Defendants' and Relief Defendants' Motion to Reconsider and/or Clarify [Doc. 162], in which defendants move the Court to reconsider its rulings in the previously filed Memorandum Opinion and Order [Doc. 159] granting plaintiff Securities and Exchange Commission''s ("SEC") Motion for Partial Summary Judgment [Doc. 93]. Specifically, defendants move the Court to reconsider its ruling granting summary judgment for the SEC on defendants' advice of counsel defense, to reconsider and clarify the extent of its ruling granting summary judgment for the SEC

on its claim that the AIC defendants violated Section 5 of the Securities Act of 1933, and to reconsider its ruling in which the Court found the relief defendants would be subject to disgorgement once the AIC defendants have been found liable. The SEC submitted a response [Doc. 169], to which defendants replied [Doc. 171].

Although the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration, they are commonly treated as either a Rule 59(e) motion or a Rule 60(b) motion. *Hood v. Hood*, 59 F.3d 40, 43 n.1 (6th Cir. 1995). Because the instant motion was filed within twenty-eight days after the entry of the order granting plaintiff's request for injunctive relief, the Court will construe the motion as being raised under Rule 59(e). *Id.* ("[W]hen a post-judgment motion is ambiguous as to whether it is filed pursuant to Rule 59 or Rule 60, if filed within [twenty-eight] days of judgment, the appellate courts have construed it as a Rule 59 motion.").

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59 motions are not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects*

2

*Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (nothing that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before (citation omitted)); *Al-Sadoon v. FISI\*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002) (noting that a Rule 59 motion is not an opportunity for a party to "reargue its prior position in the hope that the court will change its mind").

In this case, defendants cannot meet the standard under Rule 59(e) for any of the grounds on which they base their motion. Without citing to the standard for reconsideration, defendants present the same arguments and evidence that were previously presented to the court in response to plaintiff's motion for partial summary judgment. Defendants attempt to use their motion to reconsider as a vehicle to re-litigate issues which the Court has previously determined. The Court notes, in particular, that in their arguments with respect to the advice of counsel defense, defendants reference the same language from interrogatory responses that they referred to in their underlying response. Similarly, while defendants question the status of investors not mentioned in the Memorandum Opinion and Order with respect to the availability of Regulation D, the Court has already held that the failure to prove that the requirements under Regulation D have been met as to each investor means that the safe harbor is unavailable for the offering as a whole [Doc. 159 at 29]. *See, e.g.* 17 C.F.R. § 230.502(a) ("All sales that are

3

part of the same Regulation D offering must meet all of the terms and conditions of Regulation D"). Finally, with respect to the relief defendants' arguments for reconsideration, no new evidence or argument has been presented.

Defendants have not shown that the Court's Memorandum Opinion and Order contained a clear error of law, or that its decision must be amended to prevent manifest injustice. Nor have defendants presented any evidence that was not available to them when the Court considered the underlying motion, or any change in the relevant case law. Accordingly, defendants have not met their burden under Rule 59(e), and defendants' motion [Doc. 162] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE