UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AIC, Inc., *et al.*, ) <br> ) <br> Defendants. ) | <br><br><br><br>No. 3:11-CV-176 <br>(VARLAN/GUYTON) |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Quash Subpoena [Doc. 166], filed by Thomas A. Grant. This matter came before the Court for a hearing on September 23, 2013. Present for the Movant Thomas Grant ("Grant") was William Coley. Present for the Respondent AIC, Inc.,[1] was Steven Biss.

The subpoena at issue [Doc. 166-1] requires Grant to appear and give testimony at the trial of this matter on September 30, 2013, in Knoxville, Tennessee. Grant has filed a Memorandum [Doc. 166-2] and an Affidavit [Doc. 166-1] in support of the Motion. AIC, Inc. has filed no response to the Motion to Quash. The Court addressed the Motion to Quash without allowing the full period for briefing under Local Rule 17.1, because the trial of this matter commenced the morning of September 23, 2013, and the Court found the parties' and the Court's interests were served by the Court rendering a decision on this issue as soon as possible.

---

[1] AIC, Inc. is used to reference the collective AIC Defendants, see Doc. 159 at 1.

In his filings, Grant states that he resides and works in Richmond, Virginia, which is a distance greater than 100 miles from Knoxville, Tennessee. He further states that no witness fees or expenses were tendered to him when he was served with the subpoena. He argues that Rule 45 (c)(3)(A)(ii)[2] of the Federal Rules of Civil Procedure provides the legal basis for quashing the subpoena.

In addition, Grant states that: his wife is suffering from late-stage cancer; she recently had surgery; and he is her primary caregiver. He argues that it would be a hardship for him to travel to Knoxville to testify, citing Rule 45(c)(3)(A)(iv)[3].

At the hearing, AIC, Inc. referred the Court to 15 U.S.C. § 78aa. AIC, Inc. argued that § 78aa supersedes Rule 45 and gives nationwide subpoena power to parties in an action brought by the Securities and Exchange Commission. AIC, Inc. conceded that it was required to tender witness fees and expenses under this section, but stated that it would tender the fees and expenses prior to the time Grant testifies.

Grant, in reply, questioned whether 15 U.S.C. § 78aa applies to the Defendants' service of subpoenas. Grant also relies on the hardship of his wife's illness and her need for a caregiver.

In addition, Grant confirmed that he also has been served with a trial subpoena by the Plaintiff. Grant has not made objection to that subpoena. He asks that he only be required to appear at this trial once, should the Court not grant the Motion to Quash. AIC, Inc. stated that it had no objection to that request.

---

[2] Grant cites the Court to Rule 45(d)(3)(A), in what appears to be a scrivener's error. The provision for quashing a subpoena under the 100-mile rule currently resides in part (c)(3)(A) of Rule 45. It will, however, move to part (d)(3)(A) on December 1, 2013, absent Congressional action.

[3] See note 2.

In pertinent part, 15 U.S.C. § 78aa states:

> In any action or proceeding instituted by the Commission under this chapter in a United States district court for any judicial district, a subpoena issued to compel the attendance of a witness or the production of documents or tangible things (or both) at a hearing or trial may be served at any place within the United States. Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure shall not apply to a subpoena issued under the preceding sentence.

Thus, § 78aa "authorizes nationwide service of a subpoena to compel attendance of a witness in a securities enforcement action." SEC v. Kramer, 778 F. Supp. 2d 1320, 1323 (M.D. Fla. 2011).

With regard to the one-hundred-mile provision of Rule 45, the Court finds that § 78aa applies to the instant case and supersedes Rule 45's limitation on subpoenaing persons located in excess of 100 miles from the District. The Court finds no support for the proposition that the section confers nationwide subpoena power only to the SEC, nor has the Court been cited to any support for such an interpretation. Thus, the Court finds that the subpoena served upon Grant by AIC, Inc. cannot be quashed based upon its geographic reach.

Moreover, the Court finds that Grant has not demonstrated that his personal hardship would preclude him from making a single appearance to testify in this case. The Court will, however, require that Grant only appear once during the trial of this case. The Court finds that this limitation is consistent with the parties' and movant's agreement expressed at the hearing.

AIC, Inc. **SHALL** immediately tender fees and mileage to Grant. To the extent appropriate, AIC, Inc. and the Plaintiff may agree on a *pro rata* portion of these fees to be paid by each party given that both parties subpoenaed Grant's appearance.

Based upon the foregoing, the Motion to Quash **[Doc. 166]** is **DENIED WITHOUT PREJUDICE**. If Grant is not paid his fees and mileage on or before the date on which he is called to testify, he may renew his motion. Otherwise, Grant will make a single appearance in

3

the trial of this matter, and both the SEC and AIC, Inc., will be afforded an opportunity to elicit testimony from Grant.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge