UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CV-176-TAV-HBG |
| | ) | |
| AIC, INC., COMMUNITY BANKERS SECURITIES, LLC, and NICHOLAS D. SKALTSOUNIS, | ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALLIED BEACON PARTNERS, INC., (f/k/a Waterford Investment Services, Inc.), ADVENT SECURITIES, INC., and ALLIED BEACON WEALTH MANAGEMENT, LLC (f/k/a CBS Advisors, LLC), | ) ) ) ) ) | |
| | ) | |
| Relief Defendants. | ) | |

## FINAL JUDGMENT AS TO DEFENDANT AIC, INC.

For the reasons stated in the memorandum opinion filed contemporaneously herewith, it is hereby **ORDERED** that, as to Defendant AIC, Inc. ("Defendant"):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Clerk of Court shall enter Final Judgment in favor of the Commission and against the Defendant.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, in light of the findings of this Court and of the jury in this case, Defendant is liable for

violations of: Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c); Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or

     communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of **$6,647,540.00**, representing profits gained as a result of the conduct alleged in the Complaint (including as amended), together with prejudgment interest thereon in the amount of **$969,262.10**, jointly and severally with defendant AIC, Inc., and a civil penalty in the amount of **$27,950,000.00** pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall satisfy this obligation by paying $**35,566,802.10** to the Securities and Exchange Commission within **30 days** after entry of this Final Judgment.

4

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; AIC, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any

interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty

imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint (including as amended) in this action.

Any payment by Defendant shall be applied first to the civil penalty amount set forth above, and, then (after the $27,950,000 civil penalty for Defendant is fully satisfied, plus any applicable post judgment interest), to the disgorgement and prejudgment interest amounts set forth above. After the full civil penalty (plus any applicable post judgment interest) and $2,007,876.64 of disgorgement and prejudgment interest (plus any applicable post judgment interest) is paid by Defendant, further payments, in addition to partially satisfying this Final Judgment, shall be credited to disgorgement and prejudgment interest amounts owed by defendants Community Bankers Securities, LLC ("CB Securities") and Nicholas D. Skaltsounis ("Skaltsounis") and relief defendants Allied Beacon Partners, Inc. (f/k/a Waterford Investor Services, Inc.) ("Allied Beacon Partners"), Advent Securities, Inc. ("Advent"), CL Wealth Management, LLC (f/k/a Allied Beacon Wealth Management, LLC and CBS Advisors, LLC) ("CL Wealth Management") (collectively, the "Other Defendants and Relief Defendants"), according to the following ratios:

    CB Securities—0.5783

    Skaltsounis—0.1937

    Allied Beacon Partners—0.1105

Advent—0.1055

CL Wealth Management—0.0120

To the extent that the disgorgement and prejudgment interest amount owed by any of the Other Defendants and Relief Defendants (by virtue of the respective final judgments entered against him or it in this matter) is already fully satisfied or becomes fully satisfied by any such credit or otherwise, the remaining Other Defendants and Relief Defendants (i.e., those with a disgorgement and prejudgment interest amount not fully satisfied) shall additionally share (on a *pro rata* basis, based on the ratios set forth above) in the credit that would have been received by the party with the disgorgement and prejudgment interest amount already fully satisfied or that becomes fully satisfied.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

s/ Debra C. Poplin
CLERK OF COURT